■ In the Matter of AUDREY BICKWID, Respondent, v STEVEN DEUTSCH, Appellant. [609 NYS2d 877] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Suffolk County Family Court for further proceedings in accordance with the following Memorandum: Absent a showing that a child's needs are not being met, the support provisions of a separation agreement should not be disturbed unless there is proof of an unanticipated and unreasonable change in circumstances *(Matter of Brescia v Fitts,* 56 NY2d 132, 138-141; *Matter of Boden v Boden,* 42 NY2d 210, 212-213). There was no proof demonstrating that the needs of the children are not being met, and no proof of an unforeseen or unreasonable change in circumstances. The parties' comprehensive stipulation and its subsequent modification anticipated the changes in circumstances now cited as bases for modification. Consequently, the support provisions should not have been disturbed and Family Court erred in confirming the upward modification of the child support provisions.

Respondent's contention that Family Court lacks subject matter jurisdiction is without merit. The parties' judgment of divorce specifically provides that Family Court has concurrent jurisdiction for the purpose of enforcing the provisions of the parties' agreement and Family Court therefore properly entertained the petitions *(see, Matter of Bruhn v McCready,* 138 AD2d 374).

We must, however, remit the matter for a hearing on the reasonable amount and nature of counsel fees because the affirmations of counsel are insufficient to support the award *(see, Matter of Tripi v Faiello,* 195 AD2d 958). It is well settled that, to the extent a party has made payments pursuant to an agreement, that party is entitled to a credit against the

obligations. Upon remittal, the issue of credits against arrears for payments made pursuant to the agreement, to which respondent claims entitlement, must also be determined *(see, Hallingby v Hallingby,* 110 AD2d 532, *appeal dismissed* 65 NY2d 923; *Yecies v Yecies,* 108 AD2d 813). (Appeal from Order of Suffolk County Family Court, Freundlich, J.—Child Support.) Present—Green, J. P., Balio, Fallon and Boehm, JJ.