OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the proceeding remitted to the Appellate Division for a determination on the merits.
Appellant, an accountant and expert witness by profession, and his wife were married in 1966 and have four children. In 1985, appellant and his wife were divorced and appellant agreed to pay child support of $1,000 per month. In 1989, appellant applied for a downward modification in child support on the ground that one of his children had turned 21 and another was living with him. Appellant’s former wife, in turn, cross-moved for an upward modification. Appellant’s former wife prevailed and appellant was ordered to pay $47,000 in arrears. Appellant apparently paid approximately half that amount, but claimed inability to pay the remainder.
In July 1992 appellant’s former wife commenced a contempt proceeding in Family Court as a result of appellant’s failure to pay in full. Family Court adjudicated appellant in contempt and appellant was sentenced to 48 days in jail which he served. In the meantime, appellant had successfully appealed from the upward modification which was reversed by the Appellate Division in December 1993 (199 AD2d 1087). Appellant now seeks to appeal the contempt adjudication.
Inasmuch as enduring consequences potentially flow from an order adjudicating a party in civil contempt, an appeal from that order is not rendered moot simply because the resulting prison sentence has already been served (Matter of Williams v Cornelius, 76 NY2d 542). Though civil contempt does not have the same harsh consequences as the summary criminal contempt adjudication at issue in Williams, many of the policy concerns that motivated our decision there are applicable here {id., at 546-547). In fact, given appellant’s occasional engagement as a forensic accountant and expert witness, "the *864 adjudication could no doubt be used to attack [his] credibility * * * in a court of law” (id., at 546) thus jeopardizing his professional reputation and means of earning a living.
Contrary to appellant’s urging, however, we do not reach the merits of his arguments as to the impropriety of the civil contempt adjudication (see, Family Ct Act §§ 453-455). In Williams, we rejected a similar request in order to give both parties an "opportunity to answer on the merits” (id., at 547).
Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Judge Titone taking no part.
Order reversed, with costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.