■ In the Matter of RACHEL A. and Another, Children Alleged to be Neglected. ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SOPHIA A., Appellant. [716 NYS2d 829] —Lahtinen, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered July 15, 1997, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to find that respondent violated an order of supervision.

Respondent is the mother of Rachel (born in 1987) and Stephen (born in 1993). In a Family Court Act article 10 proceeding respondent admitted to having neglected her children and a one-year order of supervision containing certain terms and conditions (*see*, Family Ct Act § 1054) and an order of place-

ment (*see,* Family Ct Act § 1055) were entered against her. Near the end of the one-year period of supervision petitioner filed separate petitions alleging that respondent violated the order of supervision and seeking an extension of the order of placement. Family Court signed a temporary order extending placement of the children and proceeded with hearings on the petitions. At the conclusion of the hearing continued over several adjourned dates, Family Court found that respondent violated the order of supervision by failing to participate in individual counseling and failing to cooperate in Rachel's individual play therapy, entered a new order of supervision with certain conditions for an additional period of one year ending on February 2, 1998, imposed a suspended sentence of 90 days in jail and denied petitioner's application for an extension of the order of placement. Respondent now appeals from the underlying violation determination and we affirm.

As a preliminary matter we note that, although Family Court's second order of supervision expired by its own terms on February 2, 1998, respondent's challenge is directed at Family Court's finding that she violated the first order of supervision by failing to comply with its terms and conditions, so her appeal is not moot (*see, Matter of Samuel VV.,* 217 AD2d 863).

Turning to the merits, petitioner established that respondent's treatment team properly recommended to her that she undergo individual counseling and that Rachel undergo individual play therapy pursuant to the terms and conditions contained in the order of supervision requiring respondent to cooperate with the treatment team's appropriate recommendations. The record further demonstrates that it was respondent's continuous, willful and unjustifiable refusal to accept petitioner's recommendation for individual counseling which prevented petitioner from implementing this recommendation and, eventually, abandoning it altogether. Similarly, the record establishes that Rachel's treating psychologist discontinued her recommended individual play therapy because she did not want to "put the child in a bind" by continuing treatment which, because of respondent's improper opposition, could prove more harmful than helpful to the child. This record reveals competent and credible evidence supporting Family Court's finding that respondent violated the terms and conditions of its original order of supervision (*see,* Family Ct Act § 1072; *Matter of Regina S.,* 221 AD2d 729).

Lastly, we note the Law Guardian's position that respondent's failure to cooperate with recommended counseling and treatment was not in the best interests of her children.

Mercure, J. P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.