■ In the Matter of LINDA FF. and Another, Children Alleged to be Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANYA GG., Appellant. [754 NYS2d 422] —Cardona, P.J. Appeals from two orders of the Family Court of Chemung County (Brockway, J.), entered January 22, 2002 and January 30, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of an order of supervision, and revoked said order and placed respondent under the supervision of petitioner upon certain terms and conditions.

Respondent has two children, Linda FF. (born in 1999) and Charles FF. (born in 2001). In April 2001, respondent consented

to a finding of neglect with respect to Linda and the child was placed in petitioner's custody for a period of 12 months. Additionally, Family Court ordered respondent to be placed under petitioner's supervision during the same period pursuant to certain terms and conditions. Upon the birth of Charles, petitioner obtained temporary custody and, in May 2001, respondent consented to a finding of neglect with respect to that child. He was placed in petitioner's custody for 12 months and respondent was directed to comply with an order of supervision. That order contained the same terms and conditions as the previous order including, inter alia, participation in family counseling, parenting education classes, a domestic violence program and an anger management program. Both orders required respondent to refrain from all physical, verbal and emotional abuse and "use all resources available to ensure the mental, physical and emotional well-being of Linda and Charles."

In July 2001, petitioner commenced this proceeding alleging that respondent violated the orders of supervision by, inter alia, failing to regularly attend and actively participate in the required programs and counseling services. A hearing was held on January 14, 2002 and Family Court found, pursuant to Family Ct Act § 1072, that respondent willfully and without just cause violated the orders of supervision. Family Court revoked both orders and sentenced respondent to a 45-day jail term which it suspended on the condition that she comply with the same terms and conditions previously imposed.

Respondent argues that this violation proceeding is not authorized by Family Ct Act § 1072 and, therefore, the orders appealed from must be reversed and the petition dismissed. Family Ct Act § 1072, entitled "Failure to comply with terms and conditions of supervision," provides in relevant part:

"If a parent or other person legally responsible for a child's care is brought before the court for failing to comply with the terms and conditions of an order of supervision issued under [section 1054] * * * and if, after hearing, the court is satisfied by competent proof that the parent or other person did so willfully and without just cause, the court may

"(a) revoke the order of supervision * * * and enter any order that might have been made at the time the order of supervision * * * was made, or

"(b) commit the parent or other person who willfully and without just cause violated the order to jail for a term not to exceed six months."

Respondent contends that the only order of supervision

which may be enforced pursuant to Family Ct Act § 1072 is one entered under Family Ct Act § 1054. That section authorizes Family Court to place a parent or other person legally responsible for a child's care under the supervision of an appropriate agency only when the order of disposition "releases the child to the custody" of such person (Family Ct Act § 1054). Here, as respondent correctly notes, the orders of disposition did not release the children to respondent's custody, but to petitioner's custody. Therefore, it appears that respondent's orders of supervision were entered pursuant to Family Ct Act § 1057, which permits a Family Court to place a respondent under supervision whether or not it releases the child to his or her custody. Since Family Ct Act § 1057 is not mentioned in Family Ct Act § 1072, respondent maintains that a violation of an order of supervision entered pursuant to that section may not be enforced under Family Ct Act § 1072.

Taking into consideration the legislative scheme reflected in Family Ct Act §§ 1054, 1057 and 1072, and our review of those sections, it is *not* "reasonable to suppose the Legislature intended intentionally to omit" (McKinney's Cons Laws of NY, Book 1, Statutes § 74) a provision for the enforcement of Family Ct Act § 1057 when it added that section in 1970. Therefore, we now adopt the approach suggested by Family Ct Act commentator Douglas J. Besharov to "treat the failure to amend section 1072 as mere legislative oversight, and allow that section's provisions to be used to consider the alleged violation of a supervision order issued under [section 1057]" (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1057, at 301). Indeed, we implicitly utilized that approach in *Matter of Marquise EE.* (257 AD2d 699). Accordingly, we find that Family Court properly applied Family Ct Act § 1072 to respondent's violation of the orders of supervision herein.

Turning to the substance of the allegations against respondent, we find ample evidence in the record to support Family Court's determination that she willfully and without just cause violated the terms and conditions of her supervision. Beverly Anderson, respondent's clinical social worker at the Chemung County Advocacy Resources and Caring, testified that between June and August 2001, respondent missed all but one of her weekly parenting classes and anger management sessions. Anderson further testified that despite indications of a low IQ and adaptive problems, respondent was "capable of doing some things she wants to do," and that her failure to make progress was due more to her negative attitude and argumentativeness

rather than functional problems. The record also shows instances of respondent's resistance to suggestions, particularly in caring for Charles's acid reflux condition, verbal abuse, lack of cooperation and modeling of inappropriate behavior, which evinced a failure to "use all resources available to ensure the mental, physical and emotional well-being" of her children.

Mercure, Spain, Carpinello and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.