■ In the Matter of BLAIZE F. and Others, Children Alleged to be Abused and/or Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTOPHER F., Appellant. [851 NYS2d 734]—

Kane, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered June 1, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of prior orders of disposition and protection.

In July 2006, Family Court found that respondent abused and neglected one of his stepdaughters and neglected his son and another stepdaughter. The court issued an order of disposition and an order of protection, each requiring respondent to engage in sexual offender treatment. In January 2007, petitioner filed a petition alleging that respondent violated both orders by failing to participate in such treatment. At the conclusion of a hearing, the court found that respondent willfully violated the orders and sentenced him to 90 days incarceration. On respondent's appeal, we affirm.

Initially, we must address the proper burden of proof to establish a willful violation under Family Ct Act § 1072. The statute itself only mentions "competent proof." Competency refers to the admissibility of evidence, however, not to the burden of proof. This Court has previously used various phrases in enunciating the standard, including the burden as being simply "ample evidence" (*Matter of Linda FF.*, 301 AD2d 887, 889 [2003]), "competent and credible evidence" (*Matter of Rachel A.*, 278 AD2d 528, 529 [2000], *lv dismissed* 96 NY2d 854 [2001]), "a fair preponderance of the evidence" (*Matter of Nikole B.*, 263 AD2d 622, 623 [1999]), and "clear and convincing evidence" (*Matter of Elizabeth T.*, 299 AD2d 748, 750 [2002], *lv dismissed* 99 NY2d 610 [2003]; *Matter of Carella v Collins*, 144 AD2d 78, 83-84 [1989]). Except for the terms of punishment, the provisions of Judiciary Law § 753 apply here (*see* Family Ct Act § 156; *but cf. Matter of Marquise EE.*, 257 AD2d 699, 701 [1999]). Based upon that statute, and considering the potential penalty of imprisonment here (*see* Family Ct Act § 1072 [b]), the proper standard for establishing a willful violation of a Family Court order is clear and convincing evidence (*see Lutz v Goldstone*, 42 AD3d 561, 563 [2007]; *Matter of Carella v Collins*, 144 AD2d at 83-84; *Matter of Schmerer v McElroy*, 105 AD2d 840, 840-841 [1984]).

Petitioner met its burden of establishing a willful violation of the orders by clear and convincing evidence. It is undisputed that respondent never attended sexual offender treatment. The only question was whether his failure to comply with that

requirement was willful or whether he was justified based upon his alleged financial inability to pay the attendance fees and arrange for transportation. We defer to Family Court's determination, after observing the witnesses and their demeanor, that respondent's testimony was evasive and not credible (*see Matter of Marquise EE.*, 257 AD2d at 702). Accepting that credibility determination, the record does not support respondent's position that he was unable to pay for treatment sessions or transportation during the time period at issue. Respondent also failed to fully cooperate in efforts to apply for Medicaid, which could have paid for treatment. While he might have misunderstood that some additional sources of identification were required, he failed to supply financial information that was crucial to his application and qualification for benefits. Based upon the lack of proof regarding respondent's financial circumstances and his failure to complete the Medicaid application process the first time, record evidence supports the finding that he willfully violated the orders requiring him to engage in sexual offender treatment (*see Matter of Tashia QQ.*, 28 AD3d 816, 818 [2006]; *Matter of Linda FF.*, 301 AD2d at 889).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.