■ In the Matter of SHELBY B. and Another, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA D., Appellant. [866 NYS2d 375]—

Kavanagh, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 24, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, finding respondent in willful violation of prior orders of the court.

In July 2007, petitioner filed a Family Ct Act article 10 neglect petition alleging that respondent had neglected her two children (born in 1994 and 1997). Family Court, in response to the allegations contained in the petition, issued a temporary order of protection on behalf of the two children, and orders that directed respondent to cooperate with petitioner in the performance of substance abuse assessments and participate in evalu-

ations to determine the status of her mental health. These orders specifically required respondent to keep petitioner advised of any change in her address, phone number or household composition, and directed her to fully and completely cooperate with petitioner's caseworkers in their ongoing efforts to provide assistance to her and her two children. Two months after these orders were issued, petitioner filed this petition which alleged, among other things, that respondent, without notice, had moved from her residence and, for almost two months, failed to keep petitioner informed of her whereabouts. It also alleged that respondent had not fully or faithfully cooperated with petitioner's caseworkers pursuant to the terms set forth in the orders.*

After a hearing, Family Court found that respondent had willfully violated the terms of the order of protection and orders for services and imposed a sanction of 90 days of incarceration, with leave for respondent to apply for a suspension of the balance of the sentence if she was accepted into a program monitored and administered by a drug court. Respondent now appeals.

We affirm. Petitioner was required to present competent proof to establish, by clear and convincing evidence, that respondent willfully violated an order of Family Court (*see* Family Ct Act § 1072; *Matter of Brittany T.*, 48 AD3d 995, 997 [2008]; *Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]; *see also Matter of Elliot v Marble*, 49 AD3d 923, 924 [2008]). In this regard, petitioner offered the testimony of one of its caseworkers, Sarah Lawrence, to the effect that at the time these orders were issued, respondent lived at the Evergreen Townhouses in Clinton County. According to the director of Evergreen, however, respondent had not resided there since July 2, 2007 and that on July 16, 2007, he had ordered that the locks to her apartment be changed. Lawrence also testified that respondent had not informed petitioner of any change in her address during this period and petitioner's employees did not know of her whereabouts until August 27, 2007, when its caseworkers learned of her new address.

In response, respondent claimed at the hearing that she did not move from the Evergreen Townhouses until early August 2007, and that on numerous occasions, both in person and by telephone, she informed various employees of petitioner that she was moving from the Evergreen Townhouses and provided

---

* The petition also alleged that respondent failed to keep appointments at a mental health clinic for the court-ordered evaluation and failed to cooperate with the court-ordered drug evaluation. Before the hearing commenced, petitioner withdrew these allegations.

them with her new address. In response to this claim, one of the employees with whom respondent claimed to have had contact testified that at no time during this period did respondent ever advise her that she had moved or disclose her new address. In addition, respondent, during the period when she claimed to have resided at the Evergreen Townhouses, acknowledged that the locks to her apartment had been changed, and on two separate occasions in July 2007, she had to obtain the assistance of maintenance personnel to gain admission to her apartment.

Family Court's finding that respondent had, in fact, willfully violated its orders was based upon its assessment of the credibility of the witnesses who testified at the hearing and, as such, is entitled to due deference (*see Matter of Blaize F.*, 48 AD3d at 1009). The testimony established that only days after these orders had been issued, respondent moved to a new address without notifying petitioner and did so at a time when she acknowledged that she was fully and completely aware of her obligations under Family Court's orders. As such, petitioner has met its burden of establishing by clear and convincing evidence that respondent willfully violated provisions of orders as issued by Family Court.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.