■ In the Matter of DUANE H., Respondent, v TINA J., Appellant, and CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [887 NYS2d 345]—

Mercure, J.P. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered May 27, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent Tina J. in willful violation of a prior order of protection.

Petitioner (hereinafter the father) and respondent Tina J. (hereinafter the mother) are the parents of the subject child (born in 1993). In a separate neglect proceeding against the father, Family Court placed the child in the custody of respondent Clinton County Department of Social Services (hereinafter DSS) and issued orders of protection directing the mother to refrain from communicating with and to stay 1,000 feet away from the child (*see Matter of Samantha H.*, 52 AD3d 894 [2008]). Thereafter, the father commenced this proceeding alleging that the mother had violated the most recent order of protection by mailing a picture with a message on the back to the child. Following a hearing, Family Court found that the mother had willfully violated the order of protection and imposed a sanction of 60 days in jail. The mother appeals, and we now affirm.

We reject the mother's argument that the record does not support a finding that the violation of the order of protection was willful. "[T]he proper standard for establishing a willful violation of a Family Court order is clear and convincing evidence" (*Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]; *see Matter of Shelby B.*, 55 AD3d 986, 987 [2008]). It is undisputed that the mother requested that her attorney and a DSS representative give the photograph and handwritten message to the child and that, after their refusal, the photograph and message were sent through the mail from the mother's residence. While the child's sister-in-law—who resided with the mother and was listed as the sender on the envelope—testified that she sent the letter and picture despite the mother's instructions to the contrary, Family Court rejected the testimony of both the mother and the sister-in-law as lacking credibility. According deference to that credibility determination, as we must, we conclude that petitioner established by clear and convincing evidence that the mother willfully violated the relevant order of protection (*see Matter of Blaize F.*, 48 AD3d at 1009; *see also Matter of Nicolette I.*, 56 AD3d 1080, 1081 [2008]; *Matter of Shelby B.*, 55 AD3d at 988).

Finally, inasmuch as the mother has served the 60-day period of incarceration imposed upon the willful violation, her challenge to the sentence as unduly harsh is moot (*see Matter of Casey D.*, 24 AD3d 1046, 1047 [2005]; *Matter of Ashley M.*, 256 AD2d 825, 826 [1998]). The mother's remaining arguments are either unpreserved or lacking in merit.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.