■ In the Matter of TELSA Z., and Another, Abused and Neglected Children. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RICKEY Z., Appellant. (And Another Related Proceeding.) [904 NYS2d 813]—

Spain, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered April 21, 2009, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of protection.

Respondent and Denise Z. are the parents of two daughters, born in 2000 and 2001. Previously, this Court affirmed a determination of Family Court that respondent had abused and neglected his daughters, based upon evidence that he repeatedly sexually abused the older daughter (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d 1246 [2010]). We also upheld Family

---

Court's dispositional order which precluded respondent from having visitation with the daughters, and the issuance of a final order of protection against respondent. More recently, as to respondent, we affirmed an order of Family Court which continued placement of the children with petitioner, continued the no visitation order, and modified the permanency plan to allow the filing of a petition for the termination of respondent's parental rights (*Matter of Telsa Z. [Rickey Z.]*, 74 AD3d 1434 [2010]).

Respondent now challenges determinations by Family Court, on two petitions filed pursuant to Family Ct Act article 10, that he willfully violated a November 3, 2008 temporary order of protection (hereinafter the order), which directed him to stay at least 1,000 feet away from the children and their home and to refrain from any communication with them. Specifically, in January 2009, petitioner filed a petition (the first petition) alleging that on January 16, 2009, respondent had willfully violated the order by twice driving by the trailer home where the children resided with their mother, coming within 1,000 feet. In February 2009, petitioner filed another petition (the second petition) alleging that respondent had willfully violated the order in December 2008 by going to the trailer adjacent to the children's home, coming within 1,000 feet of them. After a hearing, Family Court concluded that respondent had willfully violated the order as alleged in each petition, and imposed a sanction of six months in jail.* On respondent's appeals, we affirm.

Family Court correctly concluded that petitioner met its burden of proving, by clear and convincing evidence, that respondent had willfully violated the order as alleged in the petitions (*see Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]). With regard to the first petition, respondent admitted driving twice by the children's home, aware of the order's prohibition. The only contested factual issue was the precise distance between the road and the children's home, which respondent himself estimated to be only 150 feet. Dawn Favreau, a preventative services caseworker, testified that she saw respondent drive by the home, and that the distance between the road and their home was approximately 100 feet. When confronted, respondent claimed to be looking for a junkyard to buy a tire for his car. The court found Favreau to be a credible witness and, deferring to that determination, we find that her testimony, coupled with

---

* Given the enduring consequences from the finding of willful violations of Family Court orders, the issues raised are not rendered academic because the jail sentence has been served (*see Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]).

respondent's admission, provided the requisite proof of a willful violation (*see Matter of Yette v Yette*, 39 AD3d 952, 953 [2007], *lv denied* 9 NY3d 802 [2007]).

As for the second petition, Tamara Sutin, another caseworker, testified that during a meeting with respondent on February 12, 2009, he told her that he had been in contact with the children in December 2008. He told Sutin that he had brought groceries for them to the trailer adjacent to the children's home, and the children saw him and came over; he gave them soda and sent them home. Sutin, whose testimony Family Court credited, was certain of the month, which her caseworker notes corroborated. Favreau estimated that the distance between the trailers was approximately 150 feet; respondent conceded it was 200 to 300 feet. While respondent, a neighbor and Denise Z. all testified that this contact occurred in October 2008 (before the order was issued), their accounts were not entirely consistent. Further, the truthfulness of respondent and Denise Z.'s account was called into doubt in that they testified that they had not seen one another since January 2009, which was refuted by Favreau's rebuttal testimony that she had seen them together several times in the 10 days before the March 2006 hearing. Giving deference to Family Court's credibility assessments, the court's factual conclusion that the incident occurred, as alleged, in December 2008, and that it constituted a willful violation of the order is fully supported.

Respondent's contention, raised for the first time on appeal, that petitioner should have been required to prove his willful violations with proof beyond a reasonable doubt, relying upon *Matter of Rubackin v Rubackin* (62 AD3d 11 [2009]), is unpreserved for our review.

Cardona, P.J., Peters, McCarthy and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.