In the Matter of KATIE II. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN II., Appellant. [914 NYS2d 744]—

Egan Jr., J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered February 9, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of protection.

In September 2009, respondent consented to a finding of neglect of his two daughters. Family Court issued an order of protection ordering respondent to, among other things, refrain from "reckless endangerment, disorderly conduct, intimidation, [or] threats" against the children, "acts that create an unreasonable risk to the health, safety or welfare" of the children, and "subjecting the subject children to any form of name calling and/or any other disparaging remarks." In addition, respondent was ordered "not [to] use any prescription medications unless specifically prescribed to [him] by a healthcare provider," and he was to "ensure that all prescription medications are kept in a secured lock box and that neither of the subject children are provided access to the lock box," and that "no third parties engage in any conversation with and/or in the presence of the subject children which is age inappropriate, including but not limited to court proceedings."

In December 2009, petitioner commenced this proceeding alleging that respondent willfully violated the order of protection in that he (1) allowed the children access to the lock box, (2)

verbally abused the children by threatening them and by calling them derogatory names, (3) engaged in acts recklessly endangering and/or constituting disorderly conduct against the children, (4) engaged in inappropriate conversations involving court proceedings with the children, and (5) was in possession of prescription hydrocodone that was not specifically prescribed to him by a healthcare provider. Following a hearing, Family Court found that, while respondent had violated the provision of the order of protection regarding the lock box, that violation was not willful. However, Family Court found respondent to be in willful violation of the court's prior order in that he verbally abused and threatened the children, engaged in acts that created an unreasonable risk to the health, safety and welfare of the children, and possessed medication that was not prescribed to him. As a result, Family Court sentenced respondent to a term of 30 days of incarceration. Respondent appeals, contending that the alleged violations of the court's order of protection were not established by clear and convincing evidence.

With respect to petitioner's allegations of reckless endangerment and disorderly conduct, the hearing testimony reflects that, in September 2009, as respondent's wife and one of the children were attempting to leave the residence in a vehicle to attend a mental health appointment, respondent attempted to stop them by jumping onto the vehicle's running board and hanging onto the side view mirror while still arguing with his wife. Respondent proceeded to get into the driver's seat and, while still arguing with his wife, drove around the U-shaped driveway and onto the road, while the child was sitting in the back seat with her door ajar.* Next, although respondent disputed that he possessed prescription medication that was not his own, respondent's wife testified that he was in possession of a prescription for hydrocodone that belonged to someone else. In addition, a caseworker employed by petitioner testified that respondent admitted to him that he was in possession of prescription medication that was not his own. Finally, the wife testified that respondent had threatened to hurt the children and also called them derogatory names, such as "whore, slut [and] bitch." While respondent denied having threatened the children, he did admit that he called one of the children a "bitch."

Giving deference to Family Court's credibility assessments (*see Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776, 778 [2010]), we conclude that petitioner established by clear and convincing ev-

---

* Respondent conceded that these events occurred, although he recalled them transpiring over two separate incidents.

idence that respondent willfully violated the court's order of protection (*see Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]; *Matter of Shelby B.*, 55 AD3d 986, 988 [2008]; *Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]). Furthermore, this finding permitted the court to sanction respondent by imposing a period of incarceration not to exceed six months (*see* Family Ct Act § 1072 [b]; *Matter of Andrew L.*, 64 AD3d 915, 917 [2009]).

Mercure, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.