■ In the Matter of SONIA C. LOOMIS, as Rensselaer County Probation Officer, Respondent, v YU-JEN G., Appellant. [918 NYS2d 220]—

McCarthy, J. Appeal from an order of the Family Court of Rensselaer County (Cholakis, J.), entered March 20, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in violation of a prior order of probation.

In a related case, Family Court found that respondent committed a family offense and, among other things, placed him on probation (*Matter of Julie G. v Yu-Jen G.*, 81 AD3d 1079 [2011] [decided herewith]). Petitioner commenced this proceeding alleging that respondent violated the terms of his probation that required him to maintain full-time employment, successfully complete a batterer's education program, cooperate with a mental health evaluation, and refrain from violating the law. Following a hearing, the court found that respondent willfully violated the order of probation by failing to attend and successfully complete a batterer's education program and obtain a mental health evaluation.[1] The court ordered respondent to serve a six-month period of incarceration. Respondent appeals.

---

1. Family Court found that respondent's failure to immediately notify petitioner about his contact with law enforcement was not willful. Although the court stated at the conclusion of the hearing that respondent had willfully

The notice of appeal was premature and did not address Family Court's amended order, but we exercise our discretion to treat the notice as valid (*see* CPLR 5520 [c]; *Matter of Michaela PP. [Derwood PP.]*, 67 AD3d 1083, 1084 n [2009]). Despite respondent having already served his term of incarceration, the matter is not moot because "enduring consequences potentially flow" from a finding that a person failed to abide by a prior court order (*Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *see Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776, 777 n [2010]).

Respondent argues, both here and in the related proceeding, that Family Court erred in failing to fully address his competency. The court had ordered respondent to undergo a mental health evaluation as part of his probation.[2] The court also made an oral order to that effect, and even went so far as to direct, in connection with a pending criminal matter, that he be confined in a psychiatric facility to facilitate such an evaluation (*see* CPL 390.30 [2]).[3] Despite multiple orders that he do so, respondent refused to cooperate and submit to a mental health evaluation, leaving the court without any expert opinion on competency (*see People v Torres*, 194 AD2d 488 [1993], *lv denied* 82 NY2d 727 [1993]). While the court expressed concerns regarding respondent's competency, in the end the court appears to have determined that respondent could understand the proceedings and defend his rights. For the reasons stated in our decision in the related proceeding, the court was not required to comply with CPL article 730 and the court did not err by not appointing a guardian ad litem (*Matter of Julie G. v Yu-Jen G.*, 81 AD3d at 1081; *see* CPLR 1201).

Similarly, respondent was not deprived of his right to counsel. He waived that right by failing to obtain counsel, though he was given more than one adjournment for that purpose. When respondent complained that the Public Defender—who was assigned to represent him in his criminal action—would not help him on his violation of probation, Family Court informed him that he would need to separately apply for assignment on that

violated his probation by failing to maintain full-time employment, that violation was not included in the court's subsequent written order. Accordingly, as the order did not contain such a violation, respondent's arguments concerning his employment are academic.

2. His failure to obtain a mental health evaluation, as required by the conditions of probation, was one of the violations alleged in the present petition.

3. The purpose of the mental health evaluation in the criminal matter was not to address competency, but to aid the court in rendering a proper sentence, to include counseling or treatment if recommended.

matter. Respondent did not do so, although he was apparently aware of the process for assignment of counsel because counsel was assigned on the criminal matter. At the time of the hearing, the instant petition had been pending for five months. Considering the time that respondent had to retain counsel or apply for assigned counsel, as well as the court's history with respondent and his repeated failure to appear with counsel despite claiming his desire for representation, the court reasonably concluded that respondent waived his right to counsel (*see Matter of Adams v Bracci*, 61 AD3d 1065, 1066 [2009], *lv denied* 12 NY3d 712 [2009]). Respondent had appeared pro se numerous times in the past, including the majority of the family offense proceedings that led to him being placed on probation. The court informed respondent of his right to counsel, encouraged him to obtain counsel and advised him that it would be in his best interests. Under the circumstances, the court did not err in permitting the proceeding to continue without counsel for respondent (*see Matter of Abare v St. Louis*, 51 AD3d 1069, 1070 [2008]).

Family Court also did not err in denying an adjournment for respondent to obtain witnesses. The court properly precluded respondent from recalling petitioner's sole witness, as he had ample opportunity to question her during cross-examination. The court also did not err in denying respondent's request for an adjournment to obtain the director of the batterer's education program as a witness. Respondent had made no efforts prior to the hearing to secure her presence. While respondent contended that he was unable to contact the witness because he was in jail, the court aptly noted that his incarceration did not prevent him from repeatedly sending papers to the court; he could have thus either mailed a request to his proposed witness or included a request for her testimony in one of his numerous filings with the court. The court was not required to delay the proceedings due to respondent's failure to arrange for a witness's presence in court.

Family Court did not err in finding that respondent willfully violated the terms of his probation. Petitioner met her burden of proving a violation by clear and convincing evidence (*see Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]). Petitioner testified that she reviewed the order and conditions of probation with respondent on two occasions, that he appeared to understand them, but that he refused to sign the order agreeing to comply with them. Respondent enrolled in the batterer's education program, but did not complete it. Although petitioner's testimony about the notice she received concerning why respon-

dent was suspended from that program was hearsay, respondent did not preserve the issue because he failed to object to that testimony (*see People v Foster*, 27 NY2d 47, 51 [1970]; *People v Thomas*, 282 AD2d 827, 828 [2001], *lv denied* 96 NY2d 925 [2001]). Respondent is not granted greater rights because he appeared pro se. Even so, he incessantly objected to almost all portions of the hearing, yet did not object to this testimony, leaving unpreserved his current argument that the hearsay should not have been considered. While respondent's questions to petitioner established that the year-long program could not be completed during the term of his probation, he still violated the condition of probation by not regularly attending the program and complying with its rules.

The record is also clear that respondent did not cooperate to obtain a mental health evaluation. Not only was the condition included in his terms of probation, but Family Court directly ordered him to obtain a mental health evaluation on subsequent occasions. Petitioner testified that respondent never fulfilled his obligation to supply her with proof that he cooperated with an examiner to complete such an evaluation. In fact, at the end of the hearing, the court offered respondent the opportunity to comply with the prior orders to obtain a mental health evaluation, and thus obviate the finding that he violated the order of probation. Respondent still refused to do so. Although he argued that he was concerned that the results would be used against him in his criminal action,[4] there was no evidence to the effect that he refused to participate for that reason. Therefore, the court did not err in finding his violations of probation willful (*see Matter of Blaize F.*, 48 AD3d at 1008-1009; *see also Matter of Lindsey BB. [Ruth BB.]*, 72 AD3d 1162, 1163-1164 [2010]).

Peters, J.P., Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

---

4. This concern was unfounded, as he was advised on the record that the results would be limited to use by probation for treatment and counseling purposes, and would not be used in any criminal matter. Additionally, he continued to refuse to participate in an evaluation after his criminal conviction.