■ In the Matter of DESTINY F., a Neglected Child. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANGELA F., Appellant. [925 NYS2d 224]—

Lahtinen, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered May 11, 2010, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in violation of a prior order.

In 2008, Family Court found that respondent had neglected her daughter (born in 2001). The child was placed in the care of her paternal grandparents and an order of protection was entered against respondent directing, among other things, that she not commit acts that create an unreasonable risk to the health, safety or welfare of the child. Petitioner commenced this proceeding in November 2009 alleging multiple violations of the order of protection by respondent including, among other things, that she made vulgar comments and threats toward petitioner's caseworker in the presence of the child, she told the child she was going to have the grandparents arrested, and she pressured the child into promising to misbehave when with the grandparents. Following a hearing, Family Court found that respondent had willfully violated the order of protection and sentenced her to 60 days in jail. Respondent appeals.

Initially, we note that respondent has completed her sentence rendering moot her contention that the sentence was harsh (see Matter of Duane H. v Tina J., 66 AD3d 1148, 1149 [2009]). However, her challenge to the underlying determination "is not moot because 'enduring consequences potentially flow' from a finding that a person failed to abide by a prior court order" (Matter of Loomis v Yu-Jen G., 81 AD3d 1083, 1084 [2011], quoting Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]).

Respondent argues that the proof was insufficient to establish a willful violation and that Family Court's decision rested in part on hearsay statements of the child that were not adequately corroborated. Petitioner was required to show a willful violation

by clear and convincing evidence (*see Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776, 777 [2010]). With respect to a child's out-of-court statements, those statements "may be corroborated by '[a]ny other evidence tending to support the reliability of the previous statements' " (*Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008], *lv denied* 12 NY3d 706 [2009], quoting Family Ct Act § 1046 [a] [vi]), and the reliability of corroborative evidence "is a determination entrusted in the first instance to Family Court's considerable discretion" (*Matter of Frank Y.*, 11 AD3d 740, 742 [2004]; *see Matter of Christina F.*, 74 NY2d 532, 536 [1989]; *Matter of Kole HH.*, 61 AD3d 1049, 1051-1052 [2009], *lv dismissed* 12 NY3d 898 [2009]). Moreover, where, as here, conflicting proof is presented, we accord deference to Family Court's assessment of credibility (*see Matter of Katie II. [John II.]*, 80 AD3d 824, 825-826 [2011]; *Matter of Duane H. v Tina J.*, 66 AD3d at 1149).

Petitioner's caseworker testified that during a phone conversation in which she could hear the child in the background, respondent repeatedly used profane language when referring to the caseworker. The caseworker further testified that on another occasion when she confronted respondent about, among other things, the inappropriateness of her telling the child that she was going to have the child's grandparents (with whom the child resided) arrested and put in jail, respondent stated "so . . . I was mad." Respondent essentially admitted these actions and, although she offered an explanation, Family Court found her not to be a credible witness.

The grandmother related that the child returned from visitation with respondent and exhibited extremely and unusually disruptive behavior. When the grandmother stated to the child that she was not acting like herself, the child explained that respondent had made her "double pinkie promise" to act badly when with the grandparents so that they would not want her anymore and she could return to respondent. The grandmother's observations of the child's unusual misconduct occurring immediately after the visitation provided sufficient corroboration for Family Court's finding that respondent elicited a promise from the child to misbehave (*see Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d 1246, 1250 [2010]).

There was evidence that the efforts to manipulate the child to undermine her relationship with her custodial grandparents caused emotional harm to the child. Viewing respondent's conduct cumulatively, and deferring to Family Court's credibility determinations, we are unpersuaded that Family Court erred in concluding that respondent's conduct violated the

protective order by creating an unreasonable risk to the child's emotional health (*see Matter of Katie II. [John II.]*, 80 AD3d at 825-826).

Spain, J.P., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.