■ In the Matter of JATIE P., a Neglected Child. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSEPH Q., Appellant. (And Another Related Proceeding.) [931 NYS2d 768]—

Egan Jr., J.

Respondent is the biological father of Jatie P. (born in 2007). In February 2009, Jatie was adjudicated to be a neglected child, and respondent was placed under petitioner's supervision for a period of 12 months and ordered to, among other things, ensure that any visitations between Jatie and her mother were supervised by individuals who had been approved by petitioner.[1] An order of protection—prohibiting respondent from having any contact with Jatie's mother in the presence of the child and reiterating the requirement that visitations between the child and her mother be supervised—also was issued. Thereafter, in October 2009, respondent admitted that he willfully violated the foregoing directives regarding the child's contact with the mother, and a 30-day suspended sentence was imposed.

Two months later, after purportedly failing to locate anyone else to care for Jatie, respondent left the child in the care of her mother and the mother's then boyfriend while he sought treatment at a local emergency room. Upon returning from the hospital, respondent deemed himself unable to care for Jatie and permitted the mother and the boyfriend to take the child to the mother's residence for the weekend. Respondent subsequently reported his actions to petitioner and, in response, petitioner commenced various proceedings seeking, insofar as is relevant to this appeal, to hold respondent in contempt for violating the order of protection and to lift the previously imposed suspended sentence. Following removal from Family Court to the Integrated Domestic Violence part of Supreme Court, a hearing was held, at the conclusion of which Supreme Court found respondent to be in willful violation of a prior court order, granted petitioner's application to lift the suspended sentence and ordered respondent to serve a total of 120 days in the local jail.[2] These appeals by respondent ensued.

Preliminarily, inasmuch as respondent has served his jail

---

1. In a related proceeding, respondent apparently was awarded sole legal and physical custody of the child.

2. Supreme Court ordered that respondent serve the previously imposed 30-day sentence consecutively to the 90-day sentence imposed for the willful violation.

term, his challenge to the severity of the sentence imposed is moot (*see Matter of Destiny F. [Angela F.]*, 85 AD3d 1229, 1229 [2011], *lv dismissed* 17 NY3d 854 [2011]). However, in light of the "enduring consequences [that] potentially flow from a finding that [he] failed to abide by a prior court order" (*id.* [internal quotation marks and citations omitted]), the balance of respondent's respective appeals is properly before us (*see Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *Matter of Loomis v Yu-Jen G.*, 81 AD3d 1083, 1084 [2011]; *Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776, 777 n [2010]).

Turning to the merits, petitioner was required to establish, by clear and convincing evidence (*see Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]; *Matter of Aurelia v Aurelia*, 56 AD3d 963, 964 [2008]), that respondent willfully violated the terms of the order of protection by allowing unsupervised contact between the child and the mother (*see Matter of Seacord v Seacord*, 81 AD3d 1101, 1102 [2011]; *Matter of Shelby B.*, 55 AD3d 986, 987 [2008]). In this regard, respondent does not dispute that he understood the terms of the order of protection or that he indeed violated the order by permitting the mother to have unsupervised visitation with the child on the weekend in question. Rather, respondent contends that because he was confronted with a medical emergency and made every effort to otherwise secure appropriate childcare for his daughter, Supreme Court erred in concluding that his violation of the order was willful. We do not agree.

Even assuming, for the sake of argument, that respondent's diagnosed sinusitis, gastroesophageal reflux disease and severe anxiety/panic disorder warranted a trip to the emergency room on the evening of Friday, December 4, 2009 and, further, that he could not locate any suitable childcare providers or approved visitation supervisors at that time, he has not offered any persuasive explanation for his failure to make alternative (and appropriate) arrangements for the child's care the following morning. As petitioner and the attorney for the child aptly observe, respondent continued to allow the mother to have unsupervised contact with the child until the evening of Sunday, December 6, 2009—long after the allegedly emergent circumstances had passed. Under these circumstances, and in light of respondent's failure to articulate a rational explanation for failing to simply take the child to the hospital with him in the first instance, we have no quarrel with Supreme Court's conclusion that he willfully violated the terms of the underlying order of protection (*see Matter of Nicolette I.*, 56 AD3d 1080, 1081 [2008]). Respondent's remaining contentions, to the extent not

specifically addressed, have been examined and found to be lacking in merit.

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

