■ In the Matter of COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, v KRISTIN M., Appellant. [940 NYS2d 167]—

---

* Neither party called the daughter as a witness.

Stein, J. 

Respondent is the mother of Aiden L. (born in 2004), Katie M. (born in 2007) and Sophia N. (born in 2010). In May 2009, petitioner filed a neglect petition with respect to Aiden and Katie against respondent and Aiden's father. In July 2010, petitioner also filed a neglect petition against respondent and Sean N., the father of Sophia,[1] concerning Sophia. All three children were eventually placed in foster care. In August 2010, Family Court issued a temporary order of protection on consent in connection with the neglect proceeding pertaining to Sophia. As relevant here, the order of protection permitted respondent to exercise unsupervised visitation with the children, but prohibited her from allowing either Aiden's father or Sean N. to have contact with the children, except for court-ordered supervised visitation.

In September 2010, petitioner filed the present petition alleging that respondent violated the August 2010 order of protection by allowing Sean N. to have contact with the children in her home on September 21, 2010. At the conclusion of a fact-finding hearing, Family Court found that respondent had violated the order of protection and had committed perjury in her testimony before Family Court on September 23, 2010. As a result, Family Court ordered, among other things, that the children remain in foster care and that respondent's visitation with the children be supervised, and then sentenced her to two days in jail, to be suspended pending her compliance with all future court orders made in conjunction with the neglect proceedings. Respondent now appeals and we affirm.

In support of the petition, petitioner offered Aiden's statements to petitioner's caseworker, Sarah San Materio, when he spoke with her at his school on September 22, 2010. San Materio testified that the child told her that Sean N. would bring his son to visit at respondent's house and, more specifically, that Sean N. had visited him at his mother's home and had made him pancakes the previous night. When asked why the caseworker who was at the home the previous day did not see Sean N., the

---

1. We note that an order was later entered vacating Sean N.'s acknowledgment of paternity of Sophia.

child responded that Sean N. was hiding in a closet because respondent had told him to do so and that respondent said not to tell anyone. Respondent contends that Aiden's out-of-court statements were not sufficiently corroborated. We disagree. The required degree of corroboration is relatively low and is satisfied by any other evidence tending to support the reliability of the previous statements (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 730 [2011]; *Matter of Destiny F. [Angela F.]*, 85 AD3d 1229, 1229-1230 [2011], *lv dismissed* 17 NY3d 854 [2011]; *Matter of Joshua UU. [Jessica XX.—Eugene LL.]*, 81 AD3d 1096, 1098 [2011]).

Here, petitioner also provided the testimony of caseworker Patricia Zindel. Zindel testified that she visited respondent's home the night before the child spoke with San Materio and observed several pairs of men's shoes in the hallway, which respondent later admitted belonged to Sean N. Zindel also observed that Aiden was eating pancakes in his room. Zindel further testified that there were closets in the home with doorways large enough for a person to walk through. In addition, during questioning of Aiden in camera,[2] Aiden repeated that he visits with Sean N.'s son at respondent's home and that Sean N. sometimes comes with him. He also stated that Sean N. cooks pancakes for him and sometimes wrestles with him at respondent's home. While respondent denied that Sean N. was in the home on September 21, 2010 and some of Aiden's statements to Family Court were contradictory to statements he previously made to San Materio, viewing the record as a whole and giving appropriate deference to Family Court's credibility determinations (*see Matter of Shelby B.*, 55 AD3d 986, 988 [2008]; *see also Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181, 1182 [2011]), we find that petitioner satisfied its burden of proving, by clear and convincing evidence, that respondent willfully violated the order of protection (*see Matter of Blaize F.*, 48 AD3d 1007, 1008-1009 [2008]).

Respondent's remaining contentions have been considered and are either unpreserved or without merit.

Mercure, A.P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

**2.** We note that the attorney for the child and a court reporter were present during this questioning and Aiden's statements were read back in open court. Respondent's attorney did not thereafter request an opportunity to question him.