█ In the Matter of St. Lawrence County Support Collection Unit, on Behalf of Elizabeth V., Respondent, v Chad T., Appellant. [1 NYS3d 499]—

Lynch, J. Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered December 6, 2013, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior child support order.

In March 2013, petitioner commenced this proceeding on behalf of Elizabeth V., alleging that respondent was in willful violation of a 2010 support order directing him to pay $20 per week to support his child born in 2009. On October 1, 2013, following a hearing held the same day, a Support Magistrate is-

sued an order on consent in the Elizabeth V.'s favor and referred the proceeding to Family Court for confirmation. By an order also dated October 1, 2013, Family Court confirmed the Support Magistrate's willful violation finding and scheduled the matter for a confirmation hearing on the issue of appropriate punishment. At a confirmation hearing held on October 16, 2013, respondent appeared with counsel and, after there was some dispute with regard to whether respondent had made payments in compliance with the Support Magistrate's order and whether a suspended sentence might be appropriate, the court adjourned the confirmation hearing to assess respondent's claimed ability to work and pay in light of a pending surgery and claim for workers' compensation benefits. At the adjourned confirmation hearing held on November 20, 2013, the court issued an order confirming the willful violation finding and sentenced respondent to a term of 30 days in jail. Respondent now appeals.

At the hearing held on October 1, 2013, respondent, who was represented by counsel, admitted that he violated the prior support order and consented to the Support Magistrate's finding that he willfully violated the prior order of support. At the subsequent confirmation hearings, the issues presented were the appropriate penalty for his violation and whether the sentence should be suspended or served consecutively or intermittently on weekends. Because "[n]o appeal lies from an order entered by consent upon the stipulation of the appealing party" (*Matter of Myers v Tracy*, 93 AD3d 1213, 1214 [2012] [internal quotation marks and citation omitted]), we find that, to the extent that respondent challenges Family Court's order confirming the willful violation, it must be dismissed (*see id.*; *Matter of Starz v Tissiera*, 206 AD2d 432, 432 [1994]). Further, because respondent has already served his period of incarceration, to the extent that he challenges the severity of the sentence imposed, his appeal is moot (*see Matter of Jatie P. [Joseph Q.]*, 88 AD3d 1178, 1179-1180 [2011], *lv dismissed* 18 NY3d 878 [2012]).

McCarthy, J.P., Garry and Clark, JJ., concur. Ordered that the appeal is dismissed, without costs.