# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1256**
**CAF 14-01537**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF DA'SHUNNA M.H., LILLIANNA E.H.,
AND DE'ANDRE W.H.
----------------------------------------------
JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES,    MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

DELBERT W.H., RESPONDENT-APPELLANT,
AND NICOLE E.H., RESPONDENT.

---

DELBERT W.H., RESPONDENT-APPELLANT PRO SE.

MICHAEL D. WERNER, WATERTOWN, FOR PETITIONER-RESPONDENT.

RUTHANNE G. SANCHEZ, ATTORNEY FOR THE CHILD, WATERTOWN.

KIMBERLY A. WOOD, ATTORNEY FOR THE CHILD, WATERTOWN.

---

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered August 18, 2014 in a proceeding pursuant to Family Court Act article 10.  The order, among other things, sentenced respondent Delbert W.H. to five weekends in the Jefferson County Jail for his willful violation of an order of protection.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Delbert W.H. (respondent) appeals from an order determining that he willfully violated an order of protection issued in favor of his son De'Andre.  Family Court credited the testimony of De'Andre, who described respondent's intentional contact with him, and rejected the testimony of respondent's alibi witness.  "According deference to that credibility determination, as we must, we conclude that petitioner established by clear and convincing evidence that [respondent] willfully violated the . . . order of protection" (*Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149; *see Matter of Kimberly A.K. v Ronald F.G.*, 266 AD2d 835, 835, *lv denied* 94 NY2d 761).

Respondent further contends that the court erred in precluding him from impeaching De'Andre's testimony with two reports of prior sexual abuse that petitioner determined to be unfounded.  That contention lacks merit.  Social Services Law § 422 (5) (b) (i) allows such reports to be introduced into evidence "by the subject of the report where such subject is a respondent in a proceeding" pursuant to

Family Court Act article 10, and the reports therefore could have been introduced if they were relevant to the proceeding.  Respondent concedes, however, that the prior reports of abuse, which were not made by De'Andre, were determined to be unfounded in part because De'Andre had asserted that no abuse had occurred.  Thus, contrary to respondent's contention, the unfounded reports were not relevant to De'Andre's credibility or to any other issue, and the court thus properly refused to allow respondent to introduce them into evidence.  Further, inasmuch as those unfounded reports were not admissible, respondent's counsel was not ineffective in failing to articulate the statutory basis for their admission.

Finally, we reject respondent's contention that he was denied effective assistance of counsel by counsel's failure to conduct a redirect examination of his alibi witness about an alleged inaccuracy in the testimony of that witness on cross-examination.  Respondent made no showing that his alibi witness's testimony was inaccurate or that counsel's redirect examination would have elicited testimony favorable to respondent.  Therefore, respondent's contention "is impermissibly based on speculation, i.e., that favorable evidence could and should have been offered on his behalf" (*Matter of Devonte M.T. [Leroy T.]*, 79 AD3d 1818, 1819; *see also Matter of Amodea D. [Jason D.]*, 112 AD3d 1367, 1368).

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court