# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**13**
**CAF 15-00739**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF CONNIE M. SCHOENL,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

KEVIN M. SCHOENL, RESPONDENT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Monroe County (Paul M.
Riordan, R.), entered June 30, 2014 in a proceeding pursuant to Family
Court Act article 8. The order, among other things, directed
respondent to stay away from petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating the provision directing
that respondent is not to use or possess firearms nor hold or apply
for a pistol permit during the pendency of the order, and as modified
the order is affirmed without costs.

Memorandum: On appeal from a two-year order of protection issued
upon Family Court's determination that he willfully violated a prior
order of protection issued in favor of petitioner (*see* Family Ct Act §
846-a), respondent contends that the evidence does not support that
determination. We reject respondent's contention. The prior order of
protection directed respondent not to communicate with petitioner
except by text message "regarding health, safety and welfare of
the[ir] children." It is undisputed that respondent contacted
petitioner via text message regarding matters unrelated to their
children during the pendency of the order of protection. Although
respondent contends that a separate order allowing him to communicate
with petitioner regarding the removal of some of his personal items
from the marital residence permitted him to send the offending text
messages, that separate order was limited to a period of time in
November 2013, and did not authorize respondent to send the offending
text messages in March 2014. Respondent also contended that he
misunderstood the earlier order, but the court did not credit that
contention. "According deference to that credibility determination,
as we must, we conclude that petitioner established by clear and
convincing evidence that [respondent] willfully violated the relevant
order of protection" (*Matter of Duane H. v Tina J.*, 66 AD3d 1148,
1149).

    We agree with respondent, however, that the court erred in imposing restrictions on his ability to use or possess firearms during the pendency of the order. Under Family Court Act § 846-a, the court may revoke a license to carry and possess a firearm "[i]f the court determines that the willful failure to obey [a protective] order involves violent behavior constituting the crimes of menacing, reckless endangerment, assault or attempted assault." Where, as here, no such determination is made, the court is not authorized to revoke a respondent's firearms permit (*see Matter of Kappel v Kappel*, 234 AD2d 872, 874). Moreover, restriction of respondent's right to use or possess firearms was not warranted under Family Court Act § 842-a, inasmuch as the court did not find, and could not find based on the evidence at the hearing, "that the conduct which resulted in the issuance of the order of protection involved (i) the infliction of physical injury . . . , (ii) the use or threatened use of a deadly weapon or dangerous instrument . . . , or (iii) behavior constituting any violent felony offense" (§ 842-a [2] [a]), or that there is a "substantial risk that the respondent may use or threaten to use a firearm unlawfully against the person or persons for whose protection the order of protection is issued" (§ 842-a [2] [b]). We thus modify the order by vacating the provision directing that respondent is not to use or possess firearms nor hold or apply for a pistol permit during the pendency of the order.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court