# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1033
CAF 15-00564
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

IN THE MATTER OF TRISTYN R. AND ADDASYN R.
--------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL          MEMORANDUM AND ORDER
SERVICES, JENNA W. AND TREVOR W.,
PETITIONERS-RESPONDENTS;

JOSHUA R., RESPONDENT,
AND JACQUELINE Z., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL),
FOR RESPONDENT-APPELLANT.

WENDY G. PETERSON, OLEAN, FOR PETITIONER-RESPONDENT CATTARAUGUS COUNTY
DEPARTMENT OF SOCIAL SERVICES.

MICHAEL D. BURKE, ATTORNEY FOR THE CHILDREN, OLEAN.

-------------------------------------------------------------------------------

Appeal from an amended order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered March 24, 2015 in a proceeding pursuant to, inter alia, Family Court Act article 10. The amended order, among other things, granted custody of Addasyn R. and Tristyn R. to the children's maternal aunt and uncle.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order of disposition that granted custody of her child, Tristyn R., to the child's maternal aunt and uncle. In appeal No. 2, the mother appeals from an amended order of custody and disposition that, inter alia, adjudged that the mother had violated an order of protection, and granted custody of the children, Tristyn R. and Addasyn R., to the children's maternal aunt and uncle. We note at the outset that the mother's appeal from the order in appeal No. 1 must be dismissed inasmuch as that order was superseded by the subsequent order in appeal No. 2 (*see Matter of Tuttle v Mateo* [appeal No. 3], 121 AD3d 1602, 1603; *Matter of Eric D.* [appeal No. 1], 162 AD2d 1051, 1051).

We reject the mother's contention that the amended order in appeal No. 2 must be vacated. The order of protection directed the mother not to allow respondent father to have unsupervised contact with the children. Family Court credited the testimony that the mother allowed the father to have unsupervised contact with the

children on numerous occasions.  " 'According deference to that credibility determination, as we must, we conclude that petitioner established by clear and convincing evidence that [the mother] willfully violated the . . . order of protection' " (*Matter of Schoenl v Schoenl*, 136 AD3d 1361, 1362; *see Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149; *see also Matter of Da'Shunna M.H. [Delbert W.H.]*, 133 AD3d 1381, 1382; *Matter of William S.*, 231 AD2d 950, 951).  We further conclude that the court properly found that there are extraordinary circumstances justifying an inquiry into whether nonparents could obtain custody of the children as against the mother, and that it properly determined that it is in the best interests of the children to be placed in the custody of their maternal aunt and uncle (*see generally Matter of Suarez v Williams*, 26 NY3d 440, 446; *Matter of McNeil v Deering*, 120 AD3d 1581, 1582, *lv denied* 24 NY3d 911; *Matter of Beth M. v Susan T.*, 81 AD3d 1396, 1397).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court