Matter of McGrath v Healey (2018 NY Slip Op 00662)





Matter of McGrath v Healey


2018 NY Slip Op 00662


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


58 CAF 16-01430

[*1]IN THE MATTER OF ALEXANDRIA G. MCGRATH, PETITIONER-RESPONDENT,
v
JOHNATHON J. HEALEY, RESPONDENT-APPELLANT. 






DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered August 2, 2016 in a proceeding pursuant to Family Court Act article 4. The order, among other things, revoked a suspended sentence imposed for respondent's admitted willful violation of a child support order and committed him to jail for 90 days. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondent appeals from an order revoking a suspended sentence imposed for his admitted willful violation of a child support order and committing him to jail for 90 days. Inasmuch as respondent concedes that he has served his sentence, the instant appeal is moot (see Matter of Davis v Williams, 133 AD3d 1354, 1355 [4th Dept 2015]; Matter of St. Lawrence County Dept. of Soc. Servs. v Pratt, 24 AD3d 1050, 1050 [3d Dept 2005], lv denied 6 NY3d 713 [2006]). To the extent that respondent contends that this appeal is not moot because a finding of contempt and willful violation may have significant collateral consequences for him, we note that he did not appeal from the order finding him in willful violation of the order requiring him to pay child support (see Davis, 133 AD3d at 1355; St. Lawrence County Dept. of Soc. Servs., 24 AD3d at 1050; cf. Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court