■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON CAMPBELL, Defendant. In the Matter of STEPHEN F.

STEWARD, Appellant. [727 NYS2d 74] —Order and judgment (one paper), Supreme Court, Bronx County (Richard Price, J.), entered on or about December 20, 2000, finding appellant in criminal contempt under Judiciary Law § 750 (A) (1), and punishing him with a $500 fine and a 30-day prison term, unanimously affirmed.

Appellant's criminal contempt was proven beyond a reasonable doubt by evidence that he disclosed only a minute part of his criminal record in responding to a written questionnaire that constituted the court's jury voir dire in a criminal case, and thereafter continued this concealment in responding to questions by the prosecutor. Although appellant, who was chosen as an alternate, was arrested on charges not related to this incident during the trial and consequently dismissed as a juror, his concealment directly tended to impair the respect due the court's authority, and was contemptuous (*see, Clark v United States*, 289 US 1, 10-11; *People ex rel. Nunns v County Ct.*, 188 App Div 424, 439-440). Nor was appellant denied due process. The amended order to show cause gave sufficient notice of the accusation against appellant in stating that he "intentionally and purposefully failed to disclose his arrests and convictions, as set forth in his NYSID [State of New York Division of Criminal Justice Services] sheet, when properly inquired of." Appellant had counsel appointed prior to the service of this notice, was served with copies of the questionnaire and the NYSID sheet and was given a fair opportunity to present a defense and otherwise be heard. Amplification of the charge in the form of notice that part of the contempt consisted of appellant's answers to the prosecutor's questions would not have facilitated appellant's defense on the merits, and was not necessary (*see, Matter of Spector v Allen*, 281 NY 251, 257). The court also properly exercised its discretion in denying appellant's motions for recusal. The court's pre-hearing comments were based on facts learned through its adjudicatory functions and do not reflect bias against appellant but rather a reasonable view of the nature of the case, and there is no indication that the court was unable to reach its decision based solely on the evidence presented at the hearing (22 NYCRR 604.2 [d]; *see, People v Moreno*, 70 NY2d 403, 405-406; *Matter of Katz v Murtagh*, 28 NY2d 234, 239). Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.