■ In the Matter of ELIZABETH T. and Others, Children Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEONARD T., Appellant. [751 NYS2d 101] —Kane, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 8, 2000, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of disposition.

Upon respondent's admission to the allegations of a neglect petition filed pursuant to Family Ct Act article 10 on June 26, 2000, Family Court issued an order of fact finding and disposition finding that respondent had neglected his children. As part of the disposition, the children were placed in the care and custody of petitioner and respondent was ordered, pursuant to Family Ct Act § 1054, to "actively participate, successfully complete and cooperate in substance abuse evaluations and follow through with any and all recommendations for counseling, treatment, services, therapy and any and all educational programs." The court further ordered that respondent "keep petitioner and this court informed of his current address, and allow petitioner access to his homes and the children." Said order of fact finding and disposition contained a notice in bold letters advising respondent that "wilful failure to obey the terms and conditions of this order may result in commitment to jail for a term not to exceed six months."

In August 2000, petitioner commenced this proceeding alleging that respondent violated the terms and conditions of the Family Court order in that respondent failed to attend two appointments for an evaluation at the Addiction Center of Broome County, respondent failed to appear at the Alcohol Crisis Center for an assessment to assist him in obtaining the appropriate level of treatment, and respondent refuses to give petitioner his current address, stating that he does not want to be investigated. Respondent did not appear on September 8, 2000, the return date of the petition, apparently because he was in an inpatient alcohol treatment program at that time. Respondent did appear on September 13, 2000, at which time he provided Family Court, at its request, with a current address. The court warned respondent that if notice sent to this address was returned as undeliverable or if respondent did not appear at the next hearing, he would be arrested and placed in jail with $10,000 bail.

Family Court thereafter scheduled the matter for a pretrial settlement conference on November 13, 2000 and for trial on November 17, 2000. The order was served on respondent on October 3, 2000 by mail and on respondent's attorney by courier box. On the trial date, there were appearances by petitioner, petitioner's attorney, respondent's attorney, the Law Guardian for the children and petitioner's witnesses. Respondent appeared at the proceeding via a telephone call to the court. In response to the court's inquiry as to the reason for his absence, respondent replied, "I am not in court because I am in Narrowsburg, New York. I have been staying with my mother,

and I received the notice so late, and I was trying to get into a program, sir. I don't like the way my situation has been going. My main purpose is to get my kids back, and it is difficult for me to come before the court, and it's stated that I am not complying with these programs, and I very much want to comply with these programs to get my kids back, your honor." The court advised respondent that a warrant would be issued for his arrest with $10,000 bail and it would proceed to a default judgment.

At the conclusion of the hearing, Family Court found that respondent had refused and had not complied with its directions to successfully complete and cooperate in substance abuse evaluations and that respondent had no justifiable reason for his failure to comply. Finding that this failure to comply was willful and intentional and that respondent had knowledge of and disobeyed the lawful order of the court to the prejudice of his three infant children, the court thereupon sentenced respondent to a period of incarceration in the Broome County Jail for six months.

Pursuant to Family Ct Act § 1072:

"If a parent or other person legally responsible for a child's care is brought before the court for failing to comply with the terms and conditions of an order of supervision issued under section [1054] * * * and if, after hearing, the court is satisfied by competent proof that the parent or other person did so willfully and without just cause, the court may * * *

"(b) commit the parent or other person who willfully and without just cause violated the order to jail for a term not to exceed six months."

The record discloses that respondent received adequate and timely notice of the order scheduling the hearing directly from Family Court by mail to the address provided by respondent and by courier to his attorney. The failure of respondent to receive said notice can only be attributed to respondent's relocation to his mother's home in Narrowsburg, Sullivan County, without notice to the court. Respondent was therefore given notice and an opportunity to be heard.

Furthermore, the record contains clear and convincing evidence that respondent failed to attend an evaluation at the Addiction Center of Broome County in July 2000, he failed to attend the Alcohol Crisis Center, he failed to attend a meeting with Hedy Clothier, the caseworker assigned to respondent's case, for a service plan review, and he refused to provide the caseworker with an address or phone number where he could be reached. Respondent's conduct evinces a "wholesale

unwillingness and indifference to the need for the program so as to justify a finding that [he] willfully violated that condition of the order of disposition" (*Matter of Marquise EE.*, 257 AD2d 699, 701). Clearly, the evidence supports the conclusion that respondent has failed to take steps necessary to address the problems leading up to the removal of his children (*see Matter of Ashlee X.*, 244 AD2d 707, 708).

Finally, respondent's argument that he was denied the effective assistance of counsel in the proceedings before Family Court must be rejected since the record demonstrates no apparent deficiencies in respondent's counsel's strategy or performance (*see Matter of Kazmi v Kazmi*, 201 AD2d 857, 859). Any deficiencies in respondent's case were solely a result of respondent's inexcusable failure to appear for the hearing. The remaining contentions have been reviewed and found to be lacking in merit.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.