■ STATE OF NEW YORK et al., Respondents, v ANGELO ROSSE et al., Appellants, et al., Defendants. (And Another Related Action.) [794 NYS2d 721]—

Peters, J. Appeal from an order of the Supreme Court (Williams, J.), entered February 15, 2004 in Saratoga County, which, inter alia, granted plaintiffs' motion to hold defendants Angelo Rosse and Donangelo, Inc. in civil and criminal contempt of court for failure to comply with prior orders.

Defendant Donangelo, Inc., a residential real estate development corporation, is principally owned and operated by defendant Angelo Rosse. While constructing several single family residences in the Woodland Manor subdivision, located in the Town of Northumberland, Saratoga County, Donangelo and Rosse (hereinafter collectively referred to as defendants) installed septic and drinking water systems that failed to conform to the subdivision plans approved by the Department of Health (hereinafter DOH). After plaintiffs commenced the underlying action to compel defendants to remediate the defective systems, the parties entered into a stipulation, ultimately embodied in a court order (hereinafter the order on consent), wherein defendants agreed to remediate the systems within 60 days of DOH's approval of a remediation plan. Although DOH approved defendants' remediation plan on October 6, 2001, they failed to implement the plan.

In April 2002, plaintiffs sought an order enforcing the order on consent or, in the alternative, a finding that defendants were in civil contempt. After a hearing, Supreme Court issued an order, dated May 15, 2002, mandating that the remediation be

completed by June 30, 2002; the motion for contempt was held in abeyance and adjourned without date. Due to defendants' intransigence, plaintiffs were forced to renew their civil contempt application in October 2002 and now further sought an order of criminal contempt. On the January 3, 2003 adjourned date for the contempt hearing, counsel for defendants again made a representation to the court that defendants would comply with the court's prior orders, but now asserted that a special master needed to be appointed to oversee compliance. Upon these representations, the motion was again adjourned, and a special master was appointed. Defendants still failed to comply. Supplementary affidavits on the motion were submitted in August 2003 after plaintiffs discovered E. coli bacteria in the drinking water of one affected homeowner. Defendants' last proffered excuse for their failure to comply was that the DOH-approved remediation plan was in violation of the Public Health Law.

In September 2003, Supreme Court held the first of three hearings. Defendants did not object to plaintiffs' supplemental submission or their claim of noncompliance. Instead, defendants repeated the allegation that there was a deficiency in the remediation plan which made it violative of the Public Health Law. On the evening before the third and final day of the hearing (two months after the hearing started and 11 months after plaintiffs' renewal of this motion), defendants subpoenaed Joseph Lanaro, their former engineer, who helped prepare the remediation plan. Supreme Court quashed the subpoena, finding his testimony "unnecessary." Defendants were found in civil and criminal contempt for "blatantly and continuously and intentionally violat[ing] the orders of this [c]ourt." The imposition of a penalty was deferred with a caution that the court would be "highly impacted" by the actions taken by defendants toward remediation. Defendants continued to violate the orders, despite subsequent meetings with the special master. Supreme Court imposed numerous fines and remanded Rosse to the Saratoga County Jail.* Defendants appeal.

Pursuant to Judiciary Law § 753 (A) (3), a court may punish a party for civil contempt for "any . . . disobedience to a lawful mandate of the court" when it is accompanied by prejudice. For criminal contempt, a person must be found guilty of "[w]ilful disobedience to [a court's] lawful mandate" (Judiciary Law § 750 [A] [3]); the distinguishing element is the degree of willfulness. While defendants do not dispute their lack of compliance, they argue that it was not willful because they were being asked

---

* This Court denied the application for a stay.

to implement a plan that they believed to be illegal. If, in fact, it was illegal, they allege that it could not be a lawful mandate. Upon this theory, they sought the testimony of Lanaro and now contend that the quashing of his subpoena denied them their constitutional right to present witnesses in their defense. No constitutional objection was made, thus rendering the issue unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Royster*, 209 AD2d 336, 337 [1994], *lv denied* 85 NY2d 913 [1995]). Were we to consider it, we would find it without merit in light of the fact that defendants never moved to vacate or modify the allegedly erroneous order which they had agreed to on consent. Thus, they were bound to adhere to Supreme Court's order "[h]owever misguided and erroneous [it] may have been" (*Matter of Balter v Regan*, 63 NY2d 630, 631 [1984], *cert denied* 469 US 934 [1984]; *see Estate of Gardner v Carson*, 295 AD2d 709, 709-710 [2002]; *Matter of Village of St. Johnsville v Triumpho*, 220 AD2d 847, 848 [1995], *lv denied* 87 NY2d 809 [1996]).

Nor do we find preserved defendants' contention that their 6th Amendment right to confrontation was violated when Supreme Court considered plaintiffs' supplemental submission of affidavits and other hearsay evidence on the motion for contempt (*see People v Fleming*, 70 NY2d 947, 948 [1988]; *People v Ruiz*, 8 AD3d 831, 832 [2004], *lv denied* 3 NY3d 711 [2004]). In any event, it is unmeritorious because all that is required in this type of action is ample notice and the "opportunity to explain . . . contumacious behavior" (*Matter of Koota v Colombo*, 17 NY2d 147, 151 [1966], *cert denied* 384 US 1001 [1966]; *see* Judiciary Law § 751; *People v Campbell*, 284 AD2d 173, 174 [2001], *lv denied* 96 NY2d 721 [2001]). For these reasons, we affirm.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.