Kavanagh, J.
Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered December 28, 2007, which, among other things, granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of a prior order of disposition.
In December 2005, respondent began receiving preventative services from petitioner with respect to his daughter (born in 1998). In September 2006, after receiving two hotline reports concerning the child, petitioner filed an amended neglect petition alleging that respondent had failed to adequately supervise the child. Respondent consented to the entry of a general finding of neglect and, subsequently, agreed to an order of disposition by which the petition was adjourned in contemplation of dismissal on the condition that respondent agreed to be placed under petitioner’s supervision for one year. This order also included certain conditions regarding the child’s care and specifically provided that respondent could not leave the child “alone with any individual who has not been approved by [petitioner]” and that it was respondent’s responsibility to “ensure that [the child was] properly supervised at all times.” Finally, it also contained a condition that respondent was required to ensure that the child was not in the presence of any individual who was under the influence of drugs or alcohol.
In July 2007, petitioner filed an amended petition alleging that respondent willfully violated the terms of the December 2006 order of disposition,* and a hearing was conducted pursuant to Family Ct Act § 1027 seeking the immediate removal of the child from his care. After Family Court took testimony from several witnesses, including respondent and the child’s paternal grandmother, it was agreed by all involved that the child would be placed with the paternal grandmother, and that the hearing seeking her permanent removal from respondent’s custody would be continued. In addition, the paternal grandmother filed *1081 a petition pursuant to Family Ct Act article 6 seeking legal custody of the child. The court granted the paternal grandmother temporary custody of the child, and a fact-finding hearing on the allegations contained in the petition filed against respondent was scheduled.
Subsequently, the parties agreed that the child would continue to reside with the paternal grandmother, and that Family Court could use the testimony taken at the emergency removal hearing to determine if respondent had willfully violated any of the conditions contained in the order adjourning the neglect petition in contemplation of dismissal. Based on this evidence, Family Court found that respondent had willfully violated the order of disposition and entered a finding of neglect against him. Respondent now appeals and we affirm.
Respondent claims that the evidence produced at the removal hearing does not support a finding that he willfully violated the order of disposition. We disagree. At the hearing, it was established, among other things, that respondent had not only consumed alcohol in violation of the terms of the order, but that he had left the child repeatedly in the care of an individual who not only had a criminal record, but who had, on a prior occasion, threatened petitioner’s personnel with bodily harm. This same individual had been seen in the company of the child, removing mail from mailboxes at residences located in the neighborhood. Thereafter, this individual was arrested and charged with trespass after he had been seen using the child to gain access to a neighborhood residence through a “doggy door.” Both of these incidents occurred after respondent had received a letter as well as an oral admonition from petitioner to the effect that this individual would not be approved as someone who could care for the child and was not a person who should be allowed in the house while the child was present. Based on this evidence, Family Court’s decision that respondent willfully violated the terms of the order of disposition by failing to properly supervise the child enjoys ample support in the record and should in all respects be affirmed (see Matter of Blaize F., 48 AD3d 1007, 1008-1009 [2008]; Matter of Elizabeth T., 299 AD2d 748, 750-751 [2002], lv dismissed 99 NY2d 610 [2003]).
As for respondent’s claim that he did not knowingly and intelligently waive his right to a further hearing, the fact is that he was represented by counsel, and only announced his agreement to the stipulation regarding the use of the testimony from the removal hearing after he had a full and fair opportunity to confer with his attorney (see Matter of Jonathan LL., 294 AD2d 752, 753 [2002]; Matter of Oliver S. v Chemung County Dept. of *1082 Social Servs., 162 AD2d 820, 822 [1990]). Finally, contrary to respondent’s claim, Family Court did not interpret the parties’ stipulation regarding the use of this testimony as a concession by him that he had violated the terms of the order of disposition. Instead, the court clearly stated that the stipulation was limited to allowing the evidence taken at the removal hearing to be used in determining whether respondent was guilty of neglect and did not in any way suggest that, by stipulating, respondent had admitted to any of the allegations contained in the petition.
We have reviewed respondent’s remaining contentions, including his claim that he was denied the effective assistance of counsel, and find them to be lacking in merit.
Mercure, J.E, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

 The original violation petition was filed in June 2007 and was later withdrawn.