In the Matter of FITZMORE HARRIS, Petitioner, v JOHN C. ROWLEY, as Judge of the County Court of Tompkins County, et al., Respondents. [897 NYS2d 660]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in

this Court pursuant to CPLR 506 [b] [1]) challenging, among other things, respondent Tompkins County Judge's order of contempt against petitioner.

Just before jury selection on the date scheduled for the trial of criminal charges against his client, petitioner requested an adjournment on the ground that the prosecution had disclosed certain evidence too late for him to adequately prepare a defense. After County Court denied this request, petitioner stated that he was not prepared to proceed due to constant excruciating pain caused by an infection in his jaw. The court advised him that if he were to leave, he would be in contempt. When petitioner stated that he could not try the case and was prepared for the consequences, County Court warned him twice more that he would be held in contempt if he refused to begin picking the jury. Petitioner stated that he would not do so, left the courthouse and did not return. After waiting 1½ hours, and having heard nothing from petitioner, County Court adjourned the trial and later issued an order finding him in contempt. Petitioner commenced this CPLR article 78 proceeding to challenge the order.

Initially, petitioner's allegation of a jurisdictional defect in the underlying criminal action does not implicate the legality of County Court's mandate that he proceed to trial. The power of a court of record to punish a person who willfully disobeys its lawful mandate is established by statute (see Judiciary Law § 750; Matter of Hirschfeld v Friedman, 307 AD2d 856, 858 [2003]). Because petitioner stated his intent not to proceed to trial, gave his reasons and then departed "in the immediate view and presence of the court," summary punishment was authorized (Judiciary Law § 751 [1]). County Court was not required to give him further notice or opportunity to be heard (see Matter of Katz v Murtagh, 28 NY2d 234, 238-239 [1971]; Matter of Caruso v Wetzel, 33 AD3d 161, 165 [2006]). Petitioner's claim that he intended to return to the courtroom but was barred from doing so is not borne out by the record. Also unavailing is his argument that his conduct was not willful because he had good faith reasons for refusing to proceed to trial (see Matter of Balter v Regan, 63 NY2d 630, 631 [1984], cert denied 469 US 934 [1984]; see also Matter of Neal v White, 46 AD3d 156, 160 [2007]; Matter of Patel v Breslin, 45 AD3d 1240, 1241 [2007], lv denied 10 NY3d 704 [2008]). As the record makes clear, petitioner's disobedience was premeditated, blatant and willful (see Matter of Pozefsky v Jung, 268 AD2d 646, 647 [2000]; Matter of Brostoff v Berkman, 170 AD2d 364, 365-366 [1991], affd 79 NY2d 938 [1992]; Matter of Kunstler v Galligan,

168 AD2d 146, 150-151 [1991], *affd* 79 NY2d 775 [1991]). Inasmuch as the underlying criminal action has been concluded, petitioner's remaining contentions are moot.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.