OPINION OF THE COURT
Lahtinen, J.P.
The contentious breakup of the parties’ relationship resulted in Family Court ordering each party, in September 2012, to, among other things, refrain from any communication with the other party for two years. Respondent thereafter attempted on several occasions to call petitioner at his various phone numbers. This proceeding ensued and, at the hearing, proof included documentation and a witness from the phone company establishing calls made during the time the protective order was in effect from respondent’s phone to petitioner’s phones. Family Court further found credible relevant proof presented by petitioner and a lack of credibility as to respondent’s pertinent proof. Family Court determined that clear and convincing evidence established that respondent had willfully violated the order of protection and, among other things, ordered a mental health evaluation and sentenced her to 75 days in jail. She had reportedly served 11 days of her sentence when we granted a stay pending this appeal.*
Respondent challenges neither Family Court’s determination that she violated the September 2012 order nor that part of the court’s disposition that did not involve incarceration. However, she argues that the aspect of the disposition that sentenced her to a definite term of incarceration as a punitive remedy was error since Family Court did not make its finding of willfulness by the standard of beyond a reasonable doubt. Case law has not been consistent regarding the level of proof when considering an alleged willful violation of a protective order (see e.g. Matter *220 of Rubackin v Rubackin, 62 AD3d 11, 20-21 [2009] [discussing standards employed in various cases]). This inconsistency may be due in part to the statutory silence as to the quantum of proof (see Family Ct Act § 846-a [stating that the court must be satisfied by “competent proof”]), as well as the fact that, like other statutes implicating contempt, a Family Ct Act article 8 proceeding can involve civil contempt, criminal contempt or both (see McCain v Dinkins, 84 NY2d 216, 226 [1994]; Matter of McCormick v Axelrod, 59 NY2d 574, 582-583 [1983]; Matter of Rubackin v Rubackin, 62 AD3d at 21). Criminal and civil contempt have different levels of proof as “criminal contempt must be proven beyond a reasonable doubt,” whereas “civil contempt. . . must be proven by clear and convincing evidence” (Town of Copake v 13 Lackawanna Props., LLC, 73 AD3d 1308, 1309 [2010]).
Where, as here, a person who has violated an order of protection is incarcerated as a punitive remedy for a definite period— with no avenue to shorten the term by acts that extinguish the contempt — then that aspect of the Family Ct Act article 8 proceeding “is one involving criminal contempt [and] [t]he standard of proof that must be met to establish that the individual willfully violated the court’s order is beyond a reasonable doubt” (Matter of Rubackin v Rubackin, 62 AD3d at 21; see Merril Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 846-a at 346). Our cases indicating otherwise should no longer be followed. Although Family Court did not articulate the correct standard of proof, our review of the record — including documentary evidence and testimony found credible by Family Court — reveals proof of a willful violation beyond a reasonable doubt (see Matter of Rubackin v Rubackin, 62 AD3d at 22; see also Town of Copake v 13 Lackawanna Props., LLC, 73 AD3d at 1310).
Nonetheless, under the particular circumstances of this case, we find that a sentence of time served with the remaining days of respondent’s sentence suspended is appropriate, provided that respondent complete within 30 days — if not already completed — the ordered mental health evaluation and otherwise comply with Family Court’s order (see Family Ct Act § 846-a; Matter of Barbara O., 252 AD2d 761, 762 [1998]; see also Matter of Ahituv v Ahituv, 3 AD3d 531, 531 [2004]; Matter of Thompson v Thompson, 30 AD2d 811, 811 [1968]).
Stein, McCarthy, Rose and Devine, JJ., concur.
Ordered that the order is modified, on the law, without costs, to provide that the remaining days of respondent’s sentence of *221 75 days shall be suspended provided that she complete, within 30 days of the date of this Court’s decision, the ordered mental health evaluation, and, as so modified, affirmed.

 Although the notice of appeal was from the order of commitment which was entered before the underlying order of fact-finding and disposition, we exercise our discretion to treat the notice as validly from the underlying order (see CPLR 5520 [c]).