[62 NYS3d 578]

In the Matter of CORI XX., a Neglected Child. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MICHAEL XX., Appellant; KATHERINE XX., Respondent.

Third Department, October 19, 2017

**APPEARANCES OF COUNSEL**

*Susan Patnode, Rural Law Center of New York,* Castleton (*Kelly L. Egan* of counsel), for appellant.

*Denise Hollis, Otsego County Department of Social Services,* Cooperstown, for Otsego County Department of Social Services, respondent.

*Monica V. Carrascoso,* Cooperstown, for Katherine XX., respondent.

*Christopher Hammond,* Cooperstown, Attorney for the Child.

**OPINION OF THE COURT**

GARRY, J.P.

Appeal from a modified order of the Family Court of Otsego County (Burns, J.), entered March 24, 2016, which, in a proceeding pursuant to Family Ct Act article 10, granted Katherine XX.'s motion to hold respondent in willful violation of a prior order of protection.

Respondent and Katherine XX. (hereinafter the mother) are the parents of one child (born in 2000). Respondent was found to have neglected the child as a result of an incident of domestic violence, and Family Court thereafter entered an order of protection against respondent in favor of the mother and the child.[1] In July 2015, the mother sought to hold respondent in violation of the order of protection. Following a fact-finding hearing, Family Court found that respondent had willfully violated the order of protection and committed him to six months in jail. Respondent appeals.

■ Initially, we reject respondent's argument that the order of protection did not express an unequivocal mandate so as to preclude a finding of a willful violation. The order required respondent to "stay away" from the mother and the child. Respondent testified that the order had been explained to him when it was entered, and that, at that time, he had indicated that he understood it. It is not necessary that a distance be specified (*see Matter of Jason MM.*, 245 AD2d 892, 892-893 [1997]; *see also Matter of Katlyn GG.*, 2 AD3d 1233, 1234 [2003]).

As a general rule, a finding that an individual has willfully violated a court order within the context of Family Ct Act article 10 must be supported by clear and convincing evidence (*see Matter of Jatie P. [Joseph Q.]*, 88 AD3d 1178, 1180 [2011], *lv dismissed* 18 NY3d 878 [2012]; *Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776, 777 [2010]). However, in a case arising within the context of a Family Ct Act article 8 proceeding, this Court has recently held that in certain circumstances such violations must, instead, be found beyond a reasonable doubt. This higher standard applies where the violator is committed to a period of incarceration as a punitive remedy "with no avenue to shorten the term by acts that extinguish the contempt" (*Matter of Stuart LL. v Aimee KK.*, 123 AD3d 218, 220 [2014]; *see Matter of Nicola V. [Patrick V.]*, 134 AD3d 1131, 1132 [2015]). The requisite level of proof was elevated in recognition of the fact that imposition of such a remedy renders the proceeding one

1. The finding of neglect was affirmed upon appeal (145 AD3d 1207 [2016]).

involving criminal, rather than civil, contempt (*see Matter of Stuart LL. v Aimee KK.*, 123 AD3d at 220; *see generally Matter of Rubackin v Rubackin*, 62 AD3d 11, 15-17 [2009]).

Significantly, both Family Ct Act §§ 1072 and 846-a employ identical language requiring that a court be "satisfied by competent proof" before committing a violator to jail for a period not to exceed six months. Accordingly, we now hold that where, as here, a definite term of incarceration is imposed pursuant to Family Ct Act § 1072, as a punitive remedy and without the possibility of purging the contempt, the requisite finding that a willful violation of a court order has occurred must be established beyond a reasonable doubt (*see* Family Ct Act § 1072 [b]; *Matter of Rubackin v Rubackin*, 62 AD3d at 17).

Here, undisputed testimony established that following support proceedings involving both parties, the mother exited the court building and crossed an outdoor area to enter the County Clerk's office. Upon exiting that building, she stopped near the entrance to read a document. Respondent walked toward her on the sidewalk. Although he did not look at her, it was uncontroverted that he passed her in close proximity. The mother further testified that, as he passed, respondent said, "I'm going to kill you." The mother reported the incident to police. Respondent admitted that he saw the mother, but explained that he was also going to the Clerk's office and "there was obviously nothing else [he] could do. [He] wasn't gonna turn around and go the other way." He acknowledged that there was a wide grassy lawn immediately adjacent to the sidewalk, but stated that he could not avoid the mother as "[he] wasn't gonna go all the way out and around." The court credited the mother's testimony that respondent had also threatened her.

Upon our own review of the record, and according due deference to Family Court's credibility assessments (*see Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]), we find that respondent's willful violation of the order of protection was established beyond a reasonable doubt.[2] Accordingly, we find no abuse of discretion by Family Court in committing respondent to the statutorily permitted period of six months in jail without the possibility to lessen the term (*see* Family Ct Act § 1072 [b]; *Matter of Katie II. [John II.]*, 80 AD3d 824, 826

---

2. Although Family Court relied upon the lower standard of proof in rendering the determination, we note that the court stated on the record that the violation had been proven "by clear and convincing evidence—in fact beyond that—beyond any reasonable doubt."

[2011]; *see also Matter of Elizabeth T.*, 299 AD2d 748, 750 [2002], *lv dismissed* 99 NY2d 610 [2003]).

We further find no merit in respondent's assertion that Family Court's credibility assessments reflected bias. The court discussed respondent's demeanor, temperament and attempts to minimize his behavior in making its credibility determinations (*see Matter of Virginia C. v Donald C.*, 114 AD3d 1032, 1035 [2014]), and the mere fact that the court rendered rulings unfavorable to respondent is not evidence of bias (*see Matter of Lerman v Haines*, 85 AD3d 1248, 1251 [2011]). Finally, the father requests that certain documents outside the record be considered upon appeal. It is not appropriate to take judicial notice of an unsigned order to show cause and the corresponding supporting affidavit, and this request is denied (*see* CPLR 4511; *Cives Corp. v Hunt Constr. Group, Inc.*, 91 AD3d 1178, 1179 n 2 [2012]; *compare Matter of Hartman v Joy*, 47 AD2d 624, 625 [1975]).

Egan Jr., Lynch, Aarons and Pritzker, JJ., concur.

Ordered that the modified order is affirmed, without costs.