Matter of Scobie v Zimmerman (2018 NY Slip Op 07217)





Matter of Scobie v Zimmerman


2018 NY Slip Op 07217


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

525874

[*1]In the Matter of ANNEMARIE SCOBIE, Appellant,
v
CHARLES ZIMMERMAN, Respondent.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

Pritzker, JJ.

Lisa K. Miller, McGraw, for appellant.
Monica V. Carrascoso, Cooperstown, for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from an order of the Family Court of Delaware County (Rosa, J.), entered September 25, 2017, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in willful violation of an order of protection.
Family Court issued an order of protection directing respondent to refrain from committing any criminal offense against petitioner. A few months later, petitioner filed a petition alleging that respondent had willfully violated the order of protection. At the initial appearance, Family Court, sua sponte, dismissed the petition for failing to allege a violation of the order. Petitioner appeals.
We affirm. The petition contains what purports to be quotations from a conversation between respondent and his attorney in the county courthouse while petitioner was in an adjoining room. Although petitioner asserts that respondent made a threat to her life and said that she would disappear, the quoted language does not directly refer to petitioner. Even if it did, there is no allegation that respondent directed his remarks toward petitioner or that he intended for her to overhear him. Indeed, there is no allegation that respondent was aware that petitioner was nearby or listening to his private conversation with his attorney. The allegations in the petition are facially insufficient to demonstrate any acts that would constitute menacing, harassment or any other willful violation of the order of protection (see Matter of Charles E. v Frank E., 72 AD3d 1439, 1440 [2010]; Matter of Aumell v King, 18 AD3d 905, 906 [2005]; compare Matter of Cori XX. [Michael XX.—Katherine XX.], 155 AD3d 113, 116 [2017]).
Finally, we find no support for petitioner's contention that Family Court dismissed her petition due to bias (see Matter of Flanigan v Smyth, 148 AD3d 1249, 1253 [2017], lv dismissed and denied 29 NY3d 1046 [2017]; Matter of Adams v Bracci, 100 AD3d 1214, 1215-1216 [2012]).
Devine, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.