Matter of Nicholas L. (Melissa L.) (2021 NY Slip Op 05746)





Matter of Nicholas L. (Melissa L.)


2021 NY Slip Op 05746


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

529571
[*1]In the Matter of Nicholas L. and Others, Alleged to be Neglected Children. Montgomery County Department of Social Services, Respondent; Melissa L. et al., Appellants.

Calendar Date:September 14, 2021

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Alexandra G. Verrigni, Rexford, for Melissa L., appellant.
Christopher Hammond, Cooperstown, for Anthony N., appellant.
Montgomery County Department of Social Services, Fonda (Adam G. Giangreco of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the children.



Colangelo, J.
Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered June 21, 2019, which, in a proceeding pursuant to Family Ct Act article 10, granted petitioner's motion to, among other things, hold respondents in willful violation of three prior orders.
Respondent Melissa L. (hereinafter the mother) and respondent Anthony N. (hereinafter the father) are the parents of four children — two sons (born 2003 and 2009) and two daughters (born 2006 and 2007). In June 2017, the children were removed to foster care and a neglect petition was filed against respondents alleging, among other things, that they padlocked their sons in their shared bedroom overnight with no means of egress in the event of an emergency. A neglect petition was also filed against a mutual romantic partner of respondents (hereinafter the partner) who resided with respondents and who was alleged to have physically abused the children. On January 5, 2018, respondents appeared with counsel and consented to a finding of neglect, with an admission limited to the aforementioned allegation. Family Court initially issued a suspended judgment that was withdrawn in favor of a stipulation between the parties wherein, among other things, respondents consented to the children remaining in foster care and to a one-year order of supervision. By order entered January 31, 2018, Family Court found the children to be neglected, placed them in foster care and ordered respondents to comply with the terms and conditions of the order of supervision and the orders of protection that were annexed to and made a part of the January 2018 order.
On June 14, 2018, respondents moved for an order modifying the order of supervision to terminate the placement of the children or, alternatively, to allow unsupervised parenting time with the children. On June 29, 2018, petitioner filed the instant motion seeking a finding that respondents willfully and without just cause violated the terms and conditions of the January 2018 order by failing to comply with the order of supervision and orders of protection. Family Court severed the motions, finding that "the clear differences in the applicable burdens of proof made consolidation untenable" and directed petitioner to proceed on the violation motion. The court then bifurcated the violation motion into a fact-finding hearing to be followed by a separate dispositional hearing if petitioner established that violations occurred. At the conclusion of petitioner's case, respondents made a motion, in which the attorney for the children joined, to dismiss the violation motion for failure to state a cause of action. Petitioner opposed the motion and moved to conform the pleadings to the proof with additional allegations, which motion was opposed by respondents and the attorney for the children. Family Court denied the motion of respondents and the attorney for the children without prejudice. With regard to petitioner's motion, Family Court initially [*2]reserved decision pending submission by petitioner of supplemental and specific written allegations, and then granted said motion (see Family Ct § 1051 [b]), over the objections of the attorney for the children and respondents' counsel. After the hearing, Family Court found that respondents violated the order of supervision and the orders of protection and that good cause existed to extend the order of supervision and continue the children's placement. Respondents appeal.[FN1]
Respondents contend that Family Court erred in finding that respondents willfully violated the order of supervision and the orders of protection.[FN2] In addition, the mother specifically contends that it was an abuse of discretion for Family Court to admit unproven allegations from the underlying neglect proceeding and evidence relating to conduct that predated the January 2018 order and that this irreparably tainted its decision.
"The proponent of a violation petition must establish, by clear and convincing evidence, that there was a lawful court order in effect with a clear and unequivocal mandate, that the person[s] who allegedly violated the order had actual knowledge of the order's terms, that the alleged violator's actions or failure to act defeated, impaired, impeded or prejudiced a right of the proponent and that the alleged violation was willful" (Matter of Sandra R. v Matthew R., 189 AD3d 1995, 2000 [2020] [internal quotation marks and citations omitted], lv denied and dismissed 36 NY3d 1077 [2020]; see Family Ct Act § 1072; Matter of Ramon ZZ. v Amanda YY., 189 AD3d 1906, 1906-1907 [2020]; Matter of Cori XX. [Michael XX.-Katherine XX.], 155 AD3d 113, 115-116 [2017]). "This Court will accord deference to Family Court's credibility findings" (Matter of Harley K. v Brittany J., 189 AD3d 1738, 1739 [2020] [citations omitted]), and the court's determination of a willful violation "will be disturbed only if it is an abuse of discretion" (Matter of Sandra R. v Matthew R., 189 AD3d at 2000 [internal quotation marks and citations omitted]; see Matter of Khan v Khan, 140 AD3d 1252, 1254 [2016]).
Family Court found that even though respondents were in "technical" compliance with the order of supervision, they willfully violated the order on the theory that "[p]arents are expected to actually gain insight and modify their behaviors to ensure compliance with a [c]ourt's order of supervision" and respondents "have failed to acknowledge the trauma their actions have caused the children," "have failed to comprehend the risks associated with maintaining contact with [the partner]" and have "openly continu[ed] a relationship with a person [who] has been [c]ourt ordered to have no contact with their children." In so holding, Family Court found that "compliance with an order of supervision pursuant to Family Ct Act §§ 1052 [and] 1055 both require more than mere participation in services allowing a parent to simply check off the term as done, i.e., technical compliance," and that [*3]respondents lacked insight into the reasons why the terms and conditions were ordered.
In our view, it was error in the context of a violation motion for Family Court to find that respondents were in "technical" compliance with the order of supervision but were nonetheless in violation of said order. We recognize that such a distinction may assist in the court's determination of whether reunification is appropriate, as respondents sought, or whether the order of supervision needs to be extended to allow for respondents to gain insight into the reasons for the children's removal and to ameliorate those conditions, as petitioner successfully sought. However, as the law makes clear, the quantum of proof required to establish a willful violation of a court order pursuant to Family Ct Act § 1072 is clear and convincing evidence (see Matter of Blaize F., 48 AD3d 1007-1008 [2008]), which was not established here. We therefore find that Family Court's determination that respondents willfully violated the order of supervision was an abuse of discretion.
We also note that of the allegations set forth in petitioner's original violation motion,[FN3] Family Court found only that "[r]espondents' actions in openly continuing a relationship with [the partner] . . . is willful behavior in violation of the [o]rder of [s]upervision which requires [respondents] to keep [the partner] away from the home, and to comply with all of the [o]rders of [p]rotection issued in this case . . . includ[ing] the [o]rder of [p]rotection issued against [the partner]." However, the orders at issue do not impose a clear and unequivocal mandate upon respondents to refrain from contact or from continuing a relationship with the partner — only to keep her away from their home prior to any unsupervised visit. Petitioner failed to establish by any evidence, let alone clear and convincing evidence, that the partner was permitted to be, or actually was, near respondents' home prior to any unsupervised visit. Accordingly, Family Court's finding of a willful violation by virtue of respondents' continued contact with the partner is unsupported, and the court abused its discretion in sustaining the violation motion on this basis (cf. Matter of Sandra R. v Matthew R., 189 AD3d at 2000). Family Court also found that the father failed to comply with the order of supervision by failing to intervene on behalf of the children and instead permit the mother to create an environment that has caused the children's physical, mental and emotional condition to be impaired. As the court failed to articulate that the father's inaction was demonstrated to violate a clear and unequivocal mandate of the court, this finding is also unsupported in the record, and the court abused its discretion in so finding.
We further find that Family Court abused its discretion in finding that the mother violated the order of protection by locating the foster home, driving by it and telling one of her daughters that she [*4]had done so. In the court's own words, "[the mother's] actions constituted, or came extremely close to[,] the definition of both harassment and stalking." The court's equivocal language undermines its determination that a violation of the order of protection was established by clear and convincing evidence. In addition, petitioner did not offer sufficient evidence to demonstrate that this allegation was proven by clear and convincing evidence.[FN4] Accordingly, we find the court's finding that the mother willfully violated the order of protection in this regard to be an abuse of discretion (cf. Matter of Sandra R. v Matthew R., 189 AD3d at 2000).
Finally, with regard to the mother's contention that Family Court's evidentiary rulings irreparably tainted its decision, we find that the court permitted petitioner to introduce unproven allegations against respondents from the underlying neglect proceeding, evidence relating to other conduct that predated the January 2018 order, as well as inadmissible hearsay contained in the case notes authored by petitioner's employees and the children's therapists. As the court's decision is replete with references to this evidence, the admission of this evidence, if relied upon at all to establish willful violations, irreparably tainted its decision (see Matter of Gerard P. v Paula P., 186 AD3d 934, 938-939 [2020]).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted petitioner's motion finding respondents in willful violation of three prior orders; motion denied to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: The children were returned from foster care to respondents in August 2019, two months after the order appealed from was issued. However, "the appeal is not moot inasmuch as a finding of a willful violation may have enduring consequences with regard to future custody and visitation matters" (Matter of Keith II. v Laurie II., 177 AD3d 1133, 1134 [2019] [internal quotation marks and citations omitted]).

Footnote 2: Although the attorney for the children did not file a notice of appeal, her brief supports respondents' claim that Family Court's finding of a willful violation should be reversed.

Footnote 3: The violation motion alleged that: the mother "threatened to spirit the children away and take them into hiding," which statements were made to "intimidate and coerce" the children, causing them mental and emotional harm in violation of the orders of protection; respondents placed the well-being of the family's dogs over the children's well-being by bringing the dogs to a supervised visit and by the mother's refusal to allow the children to play outdoors because the temperature was "too warm for the dogs"; the mother requested, after a June 2018 visit, that the youngest child not participate in a subsequent visit as punishment for his problematic behavior at a preceding visit; respondents continued their relationship with the partner; and the mother moved the partner to a new apartment in close proximity to respondents' apartment and personally paid the security deposit in full and half of the first month's rent on that new apartment, and "refused to disclose how [the partner] would continue to pay her rent and living expenses."

Footnote 4: The record evidence established that the mother was a passenger in a vehicle that drove past the foster home on two occasions. There was no evidence presented that the vehicle came to a stop or that the mother attempted to exit the vehicle or go onto the property. There was no testimony elicited that the mother said anything to the children or to the foster mother, blew the horn or in any way brought attention to herself, or that the children witnessed or were aware of the mother's presence in the vehicle or were impacted thereby. The foster mother testified that she lived on a "fairly busy road" that tends to have "significant traffic" and that she saw the vehicle "glid[ing]" past her house.