Matter of Ruoyao P. (Zhechen P.) (2025 NY Slip Op 04065)

Matter of Ruoyao P. (Zhechen P.)

2025 NY Slip Op 04065

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-24-0858
[*1]In the Matter of Ruoyao P., Alleged to be a Neglected Child. Albany County Department for Children, Youth and Families, Petitioner; Zhechen P., Appellant.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Paul J. Connolly, Delmar, for appellant.

Mackey, J.
Appeal from an order of the Family Court of Albany County (Susan Kushner, J.) entered March 1, 2024, which, in a proceeding pursuant to Family Ct Act article 10, held respondent in contempt of court.
Petitioner commenced the underlying Family Ct Act article 10 proceeding against respondent (hereinafter the father) upon allegations of neglect. During the ensuing hearing, the father was found to have secretly recorded several days thereof on his cellphone and, as a result, Family Court entered an order finding him in contempt of court and held that he was no longer permitted to bring a phone or any type of recording device into the courtroom for the remainder of the proceedings. During a subsequent hearing, the court was informed that the father had again brought a recording device into the courtroom. When the father declined to answer whether he had any such device, the court directed him to leave the courtroom to be screened at the magnetometer, at which time court officers found a tape recorder in his possession. A criminal contempt hearing was scheduled for a later date and the court, sua sponte, issued a notice of motion that was apparently mailed to the father at an address in Pennsylvania (see Judiciary Law § 750 [A] [7]).[FN1] The father did not appear at the contempt hearing but was represented by assigned counsel, who moved to dismiss based upon a lack of personal jurisdiction, among other things. The court reserved decision and held a hearing, at which the court officers who had found the recording device were called to testify. Following that hearing, the court denied the father's motion to dismiss, held him in criminal contempt of court and ordered that he be committed to jail for three days. The father appeals.
We agree with the father that Family Court lacked personal jurisdiction over him as to the finding of criminal contempt, and therefore reverse. A finding of criminal contempt, as is pertinent here, must be supported by a showing of "[d]isorderly, contemptuous, or insolent behavior, committed during its sitting, in its immediate view and presence, and directly tending to interrupt its proceedings, or to impair the respect due to its authority" (Judiciary Law § 750 [A] [1]), and proof of guilt must be established beyond a reasonable doubt (see Matter of Stuart LL. v Aimee KK., 123 AD3d 218, 220 [3d Dept 2014]). "Such a contempt, committed in the immediate view and presence of the court, may be punished summarily; when not so committed, the party charged must be notified of the accusation, and have a reasonable time to make a defense" (Judiciary Law § 751 [1] [emphasis added]; see State of New York v Rosse, 18 AD3d 982, 984 [3d Dept 2005]). To this end, a "criminal contempt proceeding requires personal service on the contemnor" (Kozel v Kozel, 161 AD3d 700, 701 [1st Dept 2018], lv dismissed 32 NY3d 1089 [2018]; see 23 Carmody-Wait 2d § 140:40). "A court lacks personal jurisdiction over a respondent who is not properly served with process[*2]" and, "[w]hen the requirements for service of process have not been met, it is irrelevant that the respondent may have actually received the documents, because notice received by means other than those authorized by statute does not bring a respondent within the jurisdiction of the court" (Matter of Hyundai Capital Am., Inc. v Marina, 233 AD3d 1318, 1319 [3d Dept 2024] [internal quotation marks, brackets and citations omitted]; but see CPLR 308).
Family Court acknowledged in its written order that it was unable to summarily hold the father in contempt, as the only direct evidence of his possession of a prohibited recording device was discovered outside of the courtroom by court officers who were not immediately available to testify. As such, personal service of the motion charging the father with contempt was required. Nothing in the record reflects that such service was effectuated. We note that, to the extent that the court's notice of motion indicates that it was mailed to the father to a Pennsylvania address, there is similarly no affidavit of service/mailing and no receipt of mailing in the record. In view of the foregoing, we must reverse (see 23 Carmody-Wait 2d § 140:40; Matter of Grand Jury Subpoena Duces Tecum, 144 AD2d 252, 255-256 [1st Dept 1988], lv dismissed & denied 73 NY2d 1009 [1989]; People v Balt, 34 AD2d 932, 933 [1st Dept 1970]). The father's remaining contentions have been rendered academic by our decision.
Egan Jr., J.P., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and contempt motion dismissed.

Footnotes

Footnote 1: The court initially sought to summarily hold the father in contempt, however, the court officers who had conducted the security screening of the father declined to testify without a subpoena (see 23 Carmody-Wait 2d § 140:39; compare Matter of Harris v Rowley, 72 AD3d 1252, 1253 [3d Dept 2010]).