Matter of Puig v New York State Police (2025 NY Slip Op 04292)

Matter of Puig v New York State Police

2025 NY Slip Op 04292

Decided on July 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 24, 2025

CV-24-1824
[*1]In the Matter of Kenneth Puig, Appellant,
v
New York State Police et al., Respondents.

Calendar Date:June 2, 2025

Before:Garry, P.J., Egan Jr., Powers and Mackey, JJ.

Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Powers, J.
Appeal from a judgment of the Supreme Court (Keri Savona, J.), entered October 23, 2024 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioner's motion to hold respondents in contempt.
The underlying facts of this proceeding are familiar to this Court, having been the subject of two prior appeals (233 AD3d 1121 [3d Dept 2024]; 212 AD3d 1025 [3d Dept 2023]). In brief, petitioner initially filed a Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) request with respondent New York State Police (hereinafter respondent) for the disciplinary records of any state trooper who had been disciplined. However, through the course of an administrative appeal, this request was limited to those active troopers assigned to Orange, Dutchess and Ulster Counties. Following remittal on petitioner's initial appeal, Supreme Court (Leahy-Scott, J.) ordered the release of responsive records, subject to appropriate redactions, on a rolling basis. Petitioner appealed from that order and, while that second appeal was pending, respondent began disclosing responsive records. Petitioner sent respondent email communications in response to the records disclosed which took issue with the failure to provide records of unsubstantiated and unfounded complaints against state troopers. Respondent informed petitioner that it had viewed his FOIL request as relating to only those state troopers who had been disciplined and read the prior order directing disclosure in conjunction with the phrasing of that request. Therefore, considering the recent communications from petitioner, respondent treated the FOIL request as being modified to include unsubstantiated and unfounded complaints and notified petitioner that it would begin processing this modified request. Petitioner disagreed with respondent's interpretation of his communications as constituting a modification to his FOIL request, believing these records were incorporated in the order directing disclosure, and moved to hold respondent in contempt based upon the failure to disclose. Supreme Court (Savona, J.) denied petitioner's motion, finding that respondent's disclosure of unsubstantiated and unfounded complaints had rendered the motion moot. Additionally, the court held that petitioner had improperly raised the challenge to the redactions in reply to respondent's opposition and declined to consider these arguments, indicating that the challenge must be raised in a new motion.[FN1] Petitioner appeals.
Initially, contrary to Supreme Court's determination, the provision of responsive records did not render petitioner's motion to hold respondent in contempt moot. Petitioner filed the instant motion in response to respondent's treatment of his communications as a modification to his FOIL request, as opposed to being incorporated within the request itself. As the basis of the contempt motion was respondent's interpretation of petitioner's initial FOIL request and Supreme [*2]Court's order directing disclosure, the circumstances remained the same as prior to the filing of the motion and petitioner's motion did not "become moot by passage of time or change in circumstances" (Matter of Town of Colonie v City of New York, 237 AD3d 1398, 1400 [3d Dept 2025] [internal quotation marks and citations omitted]; cf. Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1210-1211 [3d Dept 2022], affd 42 NY3d 936 [2024]; compare Matter of Hoffman v New York City Police Dept., 228 AD3d 504, 505 [1st Dept 2024]).
Nevertheless, denial of the motion is appropriate as respondent was not in contempt of the prior order. That order, in relevant part, "direct[ed] [r]espondent to produce police disciplinary/misconduct records of active New York State Police Troopers assigned to Orange, Dutchess, and Ulster counties" on a rolling basis, "subject to appropriate statutory redactions." Petitioner's original request for the disciplinary records of any state trooper "who ha[d] been disciplined" cannot be reasonably read to include unsubstantiated and unfounded complaints (see Matter of Pak v NYS Dept. of Motor Vehs., 226 AD3d 1193, 1194 [3d Dept 2024], lv denied 42 NY3d 907 [2024]), and Supreme Court's order did not clearly or unequivocally direct disclosure thereof. Moreover, the prior order permitted necessary statutory redactions and, therefore, respondent was not in violation of that order by finding certain information subject to redaction. Thus, considering that respondent began processing the expanded request prior to petitioner's filing of this motion, denial of petitioner's motion to hold respondent in civil and/or criminal contempt was appropriate (compare Judiciary Law § 753, and Shea v Signal Hill Rd. LLC, 206 AD3d 1541, 1544 [3d Dept 2022] [civil contempt], with Judiciary Law § 751, and Matter of Harris v Rowley, 72 AD3d 1252, 1253 [3d Dept 2010] [criminal contempt]; see generally El-Dehdan v El-Dehdan, 26 NY3d 19, 28-29, 34 [2015]).
To the extent petitioner challenges specific redactions as violative of Public Officers Law § 87 (2), he did not commence a new proceeding disputing the validity of those redactions, thereby precluding review of that issue in the context of this motion (see Matter of Lewis v James, 206 AD3d 1393, 1394 [3d Dept 2022]; Matter of New York State Funeral Directors Assn. v New York State Dept. of Health, 200 AD3d 1255, 1257 [3d Dept 2021]).
Garry, P.J., Egan Jr. and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: We disagree with Supreme Court's characterization that this issue was improperly raised in reply. Petitioner's moving papers indisputably take issue with the redaction of information from the records disclosed.