Matter of H.H. (J.H.)
2026 NY Slip Op 04018
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of H.H., a Severely Abused, Abused and Neglected Child. Ulster County Department of Social Services, Respondent; J.H., Appellant. (Proceeding No. 1.)
In the Matter of R.H., a Severely Abused, Abused and Neglected Child. Ulster County Department of Social Services, Respondent; J.H., Appellant. (Proceeding No. 2.)

Decided and Entered:June 25, 2026
CV-25-0560 CV-25-0561
Calendar Date: May 26, 2026
Before: Reynolds Fitzgerald, J.P., Ceresia, Mcshan, Mackey And Ryba, JJ.

Constantina Hart, Kauneonga Lake, for appellant.
Ulster County Department of Social Services, Kingston (Jodie Paris of counsel), for respondent.
Pamela Joern, East Chatham, attorney for the child.

[*1]
Ceresia, J.
Appeals from two orders of the Family Court of Ulster County (Anthony McGinty, J.), entered March 7, 2025, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to hold respondent in violation of two prior court orders and committed respondent to two consecutive jail terms of 180 days.
Respondent (hereinafter the father) is the father of the two subject children (born in 2008 and 2012). In January 2024, the children were adjudicated to be derivatively neglected, abused and severely abused by the father following a finding that the father had engaged in sexual intercourse with another of his children, who has since reached the age of majority. Pursuant to two May 2024 amended orders of fact-finding and disposition, Family Court released the subject children to the custody of other relatives and imposed one-year terms of supervision requiring the father to, among other things, engage in supervised visitation with the children, cooperate with petitioner's caseworkers, participate in a mental health evaluation and complete a sex offender evaluation and treatment program. The May 2024 orders were affirmed upon the father's appeal (see Matter of K.H. [J.H.], 241 AD3d 1640 [3d Dept 2025]). In November 2024, petitioner filed violation petitions with respect to the May 2024 orders. Following a fact-finding hearing, Family Court issued orders granting the petitions, concluding that the father had willfully violated the May 2024 orders, and committing him to jail for two consecutive 180-day terms. The father appeals from each of the orders.FN1FN2
"As a general rule, a finding that an individual has willfully violated a court order within the context of Family Ct Act article 10 must be supported by clear and convincing evidence. . . . [However,] where, as here, a definite term of incarceration is imposed pursuant to Family Ct Act § 1072, as a punitive remedy and without the possibility of purging the contempt, the requisite finding that a willful violation of a court order has occurred must be established beyond a reasonable doubt" (Matter of Cori XX. [Michael XX.-Katherine XX.], 155 AD3d 113, 115, 116 [3d Dept 2017] [citations omitted]; see Matter of Angel P.H. [Angel P.Q.], 223 AD3d 808, 809 [2d Dept 2024], appeal & lv dismissed 41 NY3d 1006 [2024]).
Turning first to the father's argument that petitioner failed to prove that he willfully violated the May 2024 orders, the uncontroverted evidence at the hearing established that the father did not participate in any supervised visitation with the children, nor did he meet with a caseworker for counseling or undergo mental health or sex offender evaluations. A caseworker testified that she called the father on a number of occasions, but he replied only once or twice by text message, warning the caseworker not to contact him, as he was "invoking the Fifth," and directing her to speak to his attorney. According to the caseworker, she sent the father monthly letters explaining [*2]his rights and enclosing releases for the required evaluations, but the father returned the letters marked "refused," with the releases unsigned. Deferring to Family Court's assessment of the caseworker's credibility, we are satisfied that the hearing evidence established a willful violation beyond a reasonable doubt (see Matter of Cori XX. [Michael XX.-Katherine XX.], 155 AD3d at 116; see also Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1096-1097 [3d Dept 2017]; Matter of Caitlyn U. [Brian V.], 69 AD3d 1012, 1013 [3d Dept 2010]; Matter of Elizabeth T., 299 AD2d 748, 750-751 [3d Dept 2002], lv dismissed 99 NY2d 610 [2003]).
Regarding the father's contention that the penalty should be reduced, we discern no abuse of discretion in Family Court's imposition of consecutive 180-day jail terms (see Matter of Cori XX. [Michael XX.-Katherine XX.], 155 AD3d at 116-117; Matter of Leighton-Ryan v Ryan, 274 AD2d 775, 776 [3d Dept 2000]) and, under the circumstances of this case, we decline the father's invitation to intervene in the interest of justice. The father's remaining contentions have been considered and determined to be without merit.
Reynolds Fitzgerald, J.P., McShan, Mackey and Ryba, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1
This Court granted the father's motion pursuant to Family Ct Act § 1114 (b) for a stay pending the resolution of his appeals (2025 NY Slip Op 72985 [U] [3d Dept 2025]). Prior to the stay being granted, the father spent 130 days in jail.

Footnote 2
There has been no appellate brief filed on behalf of the older child, who turned 18 during the pendency of this appeal. The appellate attorney for the younger child advocates for the father's jail terms to be reduced to time served.